[Sac. No. 1040.    Department One.—March 9, 1904.]

In the Matter of the Guardianship of the Person of DENZIL MANILA VAN LOAN, a Minor. RACHEL A. VAN LOAN, Appellant, v. MABEL E. VAN LOAN, Respondent.

GUARDIAN AND WARD—LETTERS OF GUARDIANSHIP TO GRANDMOTHER OF CHILD — ORDER VACATING — RIGHTS OF MOTHER — SUFFICIENCY OF SHOWING.—Where letters of guardianship of the person of a minor child were granted to the grandmother of the child, without the knowledge or consent of the mother entitled to the custody of the child, upon a showing of her right to its custody, and upon a seasonable showing by uncontradicted affidavits that the proceeding by which she was adversely deprived of the custody of her child was taken against her by surprise, and through her excusable neglect, without any information on her part as to the pendency thereof, the mother is entitled, notwithstanding conflicting affidavits as to her fitness for the custody of the child, to an order vacating the appointment and all proceedings thereunder.

ID.—AFFIDAVIT OF MERITS.—The statement in the affidavit of the mother as to her competency and fitness to have the custody of the child was a sufficient showing of merits in that behalf.

ID.—SEPARATION OF FATHER AND MOTHER—AGREEMENT AS TO CUSTODY—ENFORCEMENT OF MOTHER'S RIGHT.—Where the father and mother are living separate and apart from each other, the father, as such, has no rights superior to those of the mother as to the care and custody of a child; and where, without any order of court, upon divorce, it was agreed between them that each should have the custody of a child alternately for six months, and the mother was entitled under the agreement to its custody when the grandmother was appointed guardian, upon the fraudulent consent of the father, in violation of the agreement, without notice to or knowledge of the mother, the court, upon a proper showing of the facts, properly enforced her right to the custody of the child, upon her motion to vacate and set aside the proceedings.

ID.—ABILITY AND FITNESS OF MOTHER—REFUSAL TO HEAR TESTIMONY.— The court upon the application for the order vacating the appointment of the grandmother properly refused to hear testimony upon the question as to the ability and fitness of the mother properly to care for the child. The court could not thereupon determine any question as to the ultimate custody of the child.

ID.—ORDER DISMISSING PROCEEDINGS—NEW PROCEEDING.—The fact that the court set aside and dismissed all proceedings in the matter of the guardianship, instead of allowing the petition to stand, and allowing the mother to contest the same, is not of sufficient importance to justify a reversal. A proceeding of this kind is different from a civil action; and no prejudice could result from the dismissal. If the interests of the child so demand, a new application may be made for letters or other appropriate proceedings taken.

APPEAL from an order of the Superior Court of Tulare County vacating the appointment of a guardian of the person of a minor child and dismissing proceedings. W. B. Wallace, Judge.

The facts are stated in the opinion of the court.

Roth & McFadzean, and Bradley & Farnsworth, for Appellant.

The contract between the parties as to care and custody of the child cannot control the discretionary power of the court as to the custody of the child in accordance with its best interests. (Civ. Code, sec. 246; *Sargent* v. *Sargent,* 106 Cal. 541; *Desribes* v. *Wilmer,* 69 Ala. 25;[1] *Corrie* v. *Corrie,* 42 Mich. 509; *Clark* v. *Beyer,* 32 Ohio St. 299;[2] Bishop on Marriage and Divorce, sec. 643; 2 Lawson on Rights and Remedies, sec. 816, p. 1472; Hurd on Habeas Corpus, p. 528; 15 Am. & Eng. Ency. of Law, 38.)

Alfred Daggett, for Respondent.

The motion was a direct attack upon the order appointing the guardian (*People* v. *Mullan,* 65 Cal. 396; *People* v. *Greene,* 74 Cal. 403;[3] *People* v. *Pearson,* 76 Cal. 400), and it was competent thereupon to show that the court had no jurisdiction to make the appointment. (*Norton* v. *Atchinson etc. R. R. Co.,* 97 Cal. 391;[4] *People* v. *Thomas,* 101 Cal. 572; *Es-*

---

[1] 44 Am. Rep. 501.

[2] 30 Am. Rep. 593.

[3] 5 Am. St. Rep. 448, and note.

[4] 33 Am. St. Rep. 198.

*tate of Eikerenkotter,* 126 Cal. 56.)    The agreement between
the parties was valid between the parties, and neither had the
right to violate it without the consent of the other.    (*Sargent*
v. *Sargent,* 106 Cal. 541; Schouler on Domestic Relations,
sec. 251; Bishop on Marriage and Divorce, sec. 1169; *State* v.
*Smith,* 6 Me. 462;[1] *Hunt* v. *Hunt,* 28 Ch. Div. 606.)

ANGELLOTTI, J.—This is an appeal by Rachel A. Van
Loan, the guardian of the person of Denzil Manila Van Loan,
a female minor of the age of four years, from an order of
the superior court of Tulare County made on the nineteenth
day of November, 1901, revoking and vacating its order of
May 6, 1901, appointing her such guardian, and the letters
of guardianship issued thereunder, and vacating, setting aside,
and dismissing all proceedings in such matter.

Appellant is the paternal grandmother of said minor.

The order appealed from was made upon the motion of
Mabel E. Van Loan, the mother of said minor, the grounds
of her motion being that the proceedings resulting in the
appointment of the guardian were taken against her by sur-
prise and through her excusable neglect, without any informa-
tion on her part as to the pendency thereof, and through the
fraudulent suppression of facts by the father of the minor,
and in violation of an agreement between her and said father
providing for the care, custody, and maintenance of said
minor.

The motion was based upon what was styled the "Affidavit
and verified petition of Mabel E. Van Loan," and the papers
on file in the proceeding.    The court made its order thereon,
requiring the guardian to show cause at a specified time why
the order appointing her as guardian should not be vacated,
and directing service to be made upon her of said order,
together with a copy of said affidavit of Mabel E. Van Loan.

At the time designated, the guardian appeared and filed
certain counter-affidavits.    The counter-affidavits so filed con-
tained nothing in any degree contradicting the showing of
surprise and excusable neglect made by the affidavit of the
mother, and the guardian did not at the hearing offer any
evidence upon this subject.

There is nothing in the contention of appellant that the

[1] 20 Am. Dec. 324.

statements made in the affidavit of Mabel E. Van Loan in support of her showing of mistake and excusable neglect are not admitted by her failure to deny them in her counter-affidavits, or that evidence in addition to the affidavit itself was essential to support a finding of the court that such statements were true. The proceeding was simply a motion sanctioned by the provisions of section 473 of the Code of Civil Procedure, and such motions are usually made and determined on affidavits alone, as is authorized by the provisions of our Code of Civil Procedure (sec. 2009).

There can of course be no question as to the interest of the parent of a minor child in a proceeding the effect of which may be a decree terminating his or her parental authority and depriving him or her of the custody of the child. (Civ. Code, secs. 204, 248; Code Civ. Proc., sec. 1753.) Subject to certain considerations going to the question of the welfare of the minor, the parent is entitled as a matter of right to the custody and guardianship of the child. (Civ. Code, sec. 246; Code Civ. Proc., sec. 1751; *In re Campbell*, 130 Cal. 380.)

Where the father is unable or refuses to take the custody, the mother is entitled thereto (Civ. Code, sec. 197), and where the father and mother are living separate and apart, the father, as such, has no rights superior to those of the mother in regard to the care, custody, education, and control of the children of the marriage. (Civ. Code, sec. 198.)

A proceeding by which the parent entitled to the custody of his or her minor child is deprived of such custody is a proceeding adverse to him or her, and when such proceeding is taken against the parent through his mistake, inadvertence, surprise, or excusable neglect, a seasonable application for the vacating thereof should undoubtedly be granted.

The uncontradicted showing of the mother of the child, so far as material here, was as follows, viz.: Mabel E. Van Loan and her husband, Roy A. Van Loan, the father of the minor, resided in Tulare County, California. On September 3, 1900, owing to difficulties which had arisen between them, and which had once before occasioned a separation, Mabel E. Van Loan left her husband, and with the minor went to the state of Colorado, and there resided with her parents. She subsequently commenced an action for a divorce in that state, and during the pendency of that action, on October 26, 1900, she

and the father entered into a written agreement, by the terms of which the parties were to have the custody of the child during alternate periods of six months each, the father to have the child for the first six months.

The father thereupon took the custody of the child and brought her to Tulare County, California, where she has ever since been.

On November 26, 1900, a decree was rendered in the divorce action in favor of the mother, whereby the marriage between the father and the mother was annulled, but the decree contained no provision relative to the child, the reason for such omission being, according to the affidavit of the mother, that she relied upon such agreement and was willing to abide by the terms thereof.

On the last day of the first six months during which the father was entitled by the agreement to retain the custody of the child, April 26, 1901, a petition was filed by appellant in the superior court of Tulare County, which, it is alleged and not denied, was filed at the request of the father, asking that she be appointed guardian of the person of said minor. The petition stated that the father had requested the petitioner to assume the care of the child, as he had no home of his own in which to place her. No mention was made in the petition of the mother, and no reason stated for the appointment of a guardian, except that the child needed the care and attention of some fit and proper person, and that it was necessary and convenient that a guardian for her person should be appointed.

Proper notice of the application was given to the relatives of the minor residing in Tulare County, including the father, and they filed their written consent to the appointment of appellant, and she was, on May 6, 1901, appointed by the court, whereupon she qualified, and has ever since been such guardian.

The mother did not learn anything about this proceeding until after the appointment of the guardian, and then only through a newspaper item, although she had, nearly a month before the institution of the guardianship proceedings, written to the father to ascertain as to the condition of the child.

As soon as she was able to so do, the mother, with her mother and stepfather, came from Colorado to Tulare County to

reside, and within six months from the making of the order appointing the guardian instituted this proceeding.

The mother further stated in her affidavit that if she had known of appellant's application she would have appeared and contested the same. She further stated that she was a fit and proper person to have the control, custody, and care of the minor, and could and would, with the assistance of her parents, furnish the minor with a comfortable home and bestow upon her a mother's affection, care, attention, and control. These statements as to the ability of the mother to properly care for the child and as to her fitness are denied by· the counter-affidavits.

The showing thus made by the mother was clearly sufficient to justify the court in vacating the order appointing appellant as guardian and the letters of guardianship issued to her, so as to enable the mother to be heard upon the question as to the necessity of the appointment of a guardian, and as to whether she should be deprived of the custody of her child. She had relied, as she had a right to do, upon the contract entered into between herself and her husband relative to the custody of the child, and, so relying, had allowed him to temporarily take the child from her custody. Although her place of residence was known, no notice was given her of any intention on the part of the father to repudiate the agreement he had made with her. The guardianship proceedings were instituted and carried to a conclusion without notice to her and without her knowledge, and while they were probably taken with the belief on the part of the father's relatives that it would be for the best interests of the child that she should remain with them, they were manifestly taken for the purpose of depriving the mother, without her knowledge, of the control and custody of her child.

It is urged that the court refused to hear testimony upon the question as to the ability of the mother to properly care for the child, and as to fitness, concerning which, it is claimed, there was an issue made by the affidavits. We regard this so-called issue as entirely immaterial upon the hearing of this motion. The court could not thereon determine any question as to the ultimate custody of the child, and the sole question properly before the court was as to whether the mother should be relieved from the proceedings taken against her by surprise

and through her excusable neglect. The statements in her own affidavit as to her competency were a sufficient showing of merits in this behalf.

It is claimed that the court erred in setting aside and dismissing all proceedings in the matter of the guardianship, and that it should have at most simply vacated the letters of guardianship and the order appointing the guardian, and set the original petition of appellant for rehearing, allowing the mother to contest the same.

Assuming the petition of appellant for letters of guardianship to be sufficient, this contention may be technically correct, but the matter is hardly important enough to merit consideration, and certainly not important enough to justify a reversal. A proceeding of this kind is very different from an ordinary civil action. If the order vacating the order of appointment and the letters issued thereunder was properly made, no prejudice can be suffered by any one by reason of the fact that the court dismissed the proceeding. If the interests of the child so demand, a new application for letters of guardianship may now or at any time be made, or other appropriate proceedings taken.

The order is affirmed.

Shaw, J., and Van Dyke, J., concurred.