[S. F. No. 9141.  Department One.—June 16, 1920.]

In the Matter of the Adoption of FRANCELIA McGREW, a Minor.  HAZEL McGREW GILBERT, Appellant; LELAND CHESTER ZIMMERMAN, Respondent.

[1] ADOPTION—JURISDICTION.—In view of the provisions of section 226 of the Civil Code the court of the county in which the person desiring to adopt a minor resides is the only county which has jurisdiction to declare and order an adoption.

[2] ID.—STRICT CONSTRUCTION OF STATUTE.—The proceeding for adoption is a special one, and the requirements of the statute must be strictly construed, particularly with respect to the jurisdiction of the court.

[3] ID.—VOID ORDER OF ADOPTION—NONRESIDENCE OF PETITIONER.—An order of adoption made by the superior court of a county of which the petitioner is not a resident at the time of the filing of the petition or the making of the order, is void for lack of jurisdiction.

[4] ID.—ADOPTION OF ILLEGITIMATE CHILD—RECEIVING INTO FAMILY—CHARACTER OF HOME.—The father an an illegitimate child may adopt it in the manner provided by section 230 of the Civil Code, although the only home the father has and in which he receives it is a home in which he is living with the mother as husband and wife, although they are not married.

[5] ID.—VACATION OF ORDER OF ADOPTION—AUTHORITY OF FATHER OF ILLEGITIMATE CHILD.—The father of an illegitimate child who has adopted it in the manner provided by section 230 of the Civil Code has the necessary legal status to authorize him to maintain a proceeding to vacate an order of adoption made without his knowledge.

[6] ID. — VACATION OF ORDER OF ADOPTION — PROCEDURE. — An order vacating an order of adoption is sufficiently supported on a record which shows the filing of a petition stating facts sufficient to constitute a cause of action to set aside the order on the grounds that it was procured by fraud and that it was made by a tribunal that had no jurisdiction to act in the matter, that a copy of the petition and order to show cause was duly served on the appellant, and that she appeared at the trial and contested the matter without making any objection to the form of the proceeding, or to the manner of service of process.

[7] ID.—DEFECT IN TITLE OF PROCEEDING—EFFECT OF.—In a proceeding to vacate an order of adoption, a defect in the title of the proceeding does not operate to invalidate the order of vacation if the pleading intelligently refers to the proceeding.

CLXXXIII—12

APPEAL from an order of the Superior Court of the City and County of San Francisco vacating on order of adoption. J. W. Mahon, Judge Presiding. Affirmed.

The facts are stated in the opinion of the court.

Byron C. Parker and Thomas P. Wickes for Appellant.

Dahlin & Jackson for Respondent.

SHAW, J.—This is an appeal from an order purporting to vacate a previous order whereby the court had declared that the child, Francelia McGrew, was duly adopted by the appellant, Hazel McGrew, she being then unmarried.

The record shows that the order of adoption was made by a judge of the superior court of the city and county of San Francisco on June 19, 1917. The petition for adoption was filed by Hazel McGrew, stating that the child was then six weeks of age and was an illegitimate child of the petitioner's sister, Naomi McGrew; that the petitioner was a resident of San Francisco, was over twenty-one years of age and was willing to and desired to adopt said child and that the mother of the child consented thereto. The consent of the mother was duly signed and filed, and also an agreement by Hazel McGrew, as required by the statute. The order of adoption was in due form and included findings of every fact required by the statute, including the finding that the petitioner, Hazel McGrew, was at that time residing in the city and county of San Francisco.

In May, 1919, the respondent, Zimmerman, filed a petition in the matter of said adoption praying that the order of adoption be vacated and that he be awarded the care and custody of the child. In his petition he alleged that at the time of filing her petition and of procuring the order of adoption on June 19, 1917, the said petitioner, Hazel McGrew, was not a resident of the city and county of San Francisco but was a resident of the county of Sonoma, state of California. He further alleged that he was the father of the child, that he and the mother of the child were living together as husband and wife in San Francisco at the time of said adoption, and that after the birth of the child and

prior to June 19, 1917, he had adopted the child as his own legitimate child by publicly acknowledging it as his own child, receiving it into his home and treating it as if it was his legitimate child in the manner provided in section 230 of the Civil Code; that some ten weeks after the birth of the child he moved to Lassen County where he secured a better position than he had in San Francisco, that in September, 1917, he was drafted and was held in the service of the United States from that time until the latter part of April, 1919, a short time before he filed said application to vacate the order, and that he had no knowledge whatever of the making of said order of adoption until after his return from overseas. This petition was filed on May 8, 1919.

The court found that these allegations were true, and particularly that at the time of the filing of the petition and obtaining the order of adoption by Hazel McGrew she was not a resident of the city and county of San Francisco, but was a resident of Sonoma County, and that ever since its birth said Zimmerman at all times publicly acknowledged said child as his child, and received it with the consent of its mother into his family where he and its mother resided and kept house together, and at all times since the birth of said child supported and otherwise treated said child as if it were legitimate, and that he thereby adopted the same as his own legitimate child.

It is claimed by the appellant that these findings are not supported by the evidence. We do not deem it necessary to give the details of the evidence. It is sufficient to say that while there was some conflict there was satisfactory evidence sufficient to sustain the findings of the court on both propositions. It may be proper to say here also that the father and mother of the child had become acquainted in Sonoma County and the mother had become pregnant of this child, and that some four months before its birth the father desired to marry the mother and was prevented from so doing by the objections of the girl's mother; that he went with her to San Francisco and there hired rooms in which he lived with her until after said adoption order was made and until the latter part of July, 1917, when he went to Lassen County as aforesaid; that upon being drafted into the army he had made an allotment for the transmission by the government

of the legal proportion of his pay to the child's mother for the support of herself and her child in accordance with the federal law on the subject.

The statute provides that one who desires to adopt a child may, "for that purpose, petition the superior court of the county in which the petitioner resides," and it also declares that if the persons whose consent is necessary are not residents of said county their written consent may be procured, and must be filed in the superior court of the said county at the time of the application and adoption. (Civ. Code, sec. 226.) **[1]** This means that the court of the county in which the person desiring to adopt the child resides is the only county which has jurisdiction to declare and order an adoption. **[2]** The proceeding for adoption is a special one and the requirements of the statute must be strictly construed, particularly with respect to the jurisdiction of the court. (*Ex parte Clark*, 87 Cal. 640, [25 Pac. 967]; *Estate of Williams*, 102 Cal. 77, [41 Am. St. Rep. 163, 36 Pac. 407]; *Estate of McCombs*, 174 Cal. 214, [162 Pac. 897].) **[3]** It follows, therefore, that the order of adoption, being made by a court without jurisdiction, is void.

The appellant objects further that the order, being valid on its face, cannot be set aside or vacated at the instance of any person having no interest in the matter, and that the father of an illegitimate child has no such legal interest as would entitle him to apply to have the order vacated. It is to be observed that the mother of the child died in the early part of April, 1919, prior to the return of the father from the United States service. It may be doubted whether the interest of the father of an illegitimate child in its welfare, after the death of the mother, is insufficient to authorize him to apply to vacate the order of adoption of said child by some other person. The question is not in the case, however, and we need not consider it. The court found that the father had duly adopted it in the manner provided by section 230. In the language of that section "such child is thereupon deemed for all purposes legitimate from the time of its birth." **[4]** It is well settled that such adoption can be made by a father of an illegitimate child who has not been married to its mother at the time of such adoption. (*Garner* v. *Judd*, 136 Cal. 394, [68 Pac. 1026]; *Baker* v.

*Jones,* 166 Cal. 113, [135 Pac. 288]; *Estate of McNamara,*
181 Cal. 82, [7 A. L. R. 313, 183 Pac. 552].) These cases
also declare that such adoption may be made although the
only home the father has and the home in which he receives
it is a home in which he is living with the mother as hus-
band and wife, although they are not married. [5] Con-
sequently Zimmerman was not only the natural father, but
was also the lawful father, of the child and as such he had
the legal status necessary to authorize him to maintain this
proceeding to vacate the order.

Appellant also objects to the procedure followed by Zim-
merman. She contends that the six months allowed by sec-
tion 473 of the Code of Civil Procedure within which to
apply for relief by motion or petition in the case itself had
fully expired before the petition was filed, and that the only
other mode by which relief on the ground of fraud or mis-
take can be obtained is by an action in the nature of a bill
in equity. If the point were good, a proposition which it
is not necessary here to determine, it would not be sufficient
as ground for reversal, since it would be an error in proce-
dure and pleading only. (Const., art. VI, sec. 4½.) [6]
But it is not well taken. The record shows that the petition
of Zimmerman stated facts sufficient to constitute a cause
of action to set aside the order on the grounds that it was
procured by fraud and that it was made by a tribunal that
had no jurisdiction to act in the matter; that a copy of the
petition and order to show cause was duly served on the
appellant and that she appeared in court at the trial and
contested the matter without making any objection to the
form of the proceeding, or to the manner of service of pro-
cess. It does not even appear that the pleading filed by
Zimmerman and said to be a petition was not in fact and
form a complaint in an independent action to vacate the
order of adoption. It is in all formal respects a pleading
of that character, except perhaps in the title, and the record
before us does not show how the paper is entitled. So far
as we know, it was properly entitled as an independent
action, and we will not presume anything on that subject
which is not shown by the record. [7] A mere defect in
the title of a paper in the case does not operate to invalidate

a judgment if it intelligently refers to the action or proceeding. (Code Civ. Proc., sec. 1046.)

The order appealed from is affirmed.

Olney, J., and Lawlor, J., concurred.

Hearing in Bank denied.

Angellotti, C. J., Shaw, J., Lawlor, J., and Sloane, J., concurred.