[L. A. No. 8468. In Bank.—November 30, 1926.]

In the Matter of the Adoption of DOROTHY IRENE
YODER and WILMA CORRINE YODER, Minors.
LAURA E. YODER, Appellant, v. EARL H. YODER
et al., Respondents.

[1] ADOPTION—ORDER VACATING—FRAUD—SECTION 473, CODE OF CIVIL
PROCEDURE.—Under section 473 of the Code of Civil Procedure,
an order for the adoption of minors may be set aside and
vacated on the ground of fraud, mistake, inadvertence, surprise
or excusable neglect.

[2] ID.—APPLICATION—TIME FOR—PRESUMPTION.—An application for
relief under section 473 of the Code of Civil Procedure is
not made within the six-months' period by the mere filing of a
petition for relief within that time, but the court must be
moved for the desired relief within said period; but where a
petition filed under said section for an order to vacate an
order for the adoption of a minor upon the ground that the
same was obtained by fraud was filed within the six-months'
period and there is nothing in the record to indicate that said
petition was not brought to the attention of the trial court
prior to the expiration of the six-months' limitation, it will be
presumed on appeal that the application was seasonably made.

[3] ID.—ORDER DENYING APPLICATION—APPEAL.—An order denying,
as far as one minor was concerned, an application to set aside
an order for the adoption of two minors, upon the ground of
fraud, is an appealable order, as the same is a special order
made after final judgment, within the meaning of subdivision 2
of section 963 of the Code of Civil Procedure.

[4] ID.—ORDER DENYING MOTION TO VACATE JUDGMENT—APPEAL—
EXCEPTIONS TO RULE.—Though the general rule is that an appeal
does not lie from an order denying a motion to vacate a judg-
ment where the motion merely called upon the court to repeal or
overrule the former ruling on the same facts, there are certain
well-defined exceptions to said rule, and such an order is appeal-
able where the circumstances are such that an appeal from the
first order would be vain for lack of a record showing the rights
of the aggrieved party.

1.  See 1 Cal. Jur. 446.
2.  See 14 Cal. Jur. 1069.
3.  See 2 Cal. Jur. 169.
4.  See 2 Cal. Jur. 164, 167.

[5] ID.—MOTION FOR DIMINUTION OF RECORD—NUNC PRO TUNC ORDER —WHEN IMMATERIAL TO APPEAL.—Where an order was made for the adoption of two minors and thereafter an application was made to set the same aside on account of fraud, which application was granted as to one minor and denied as to the other, upon an appeal from the order denying the relief in part a *nunc pro tunc* order, made subsequent to the appeal, tending to show that the vacation of the order of adoption as to the one minor was made solely on the ground that her written consent to the adoption was not obtained, was immaterial, and a motion for diminution of the record for inclusion of said *nunc pro tunc* order in the record on appeal will be denied.

(1) 1 **C. J.**, p. 1391, n. 10, p. 1392, n. 26, p. 1393, n. 38 New. (2) 1 **C. J.**, p. 1393, n. 40; 4 **C. J.**, p. 989, n. 68.   (3) 3 **C. J.**, p. 457, n. 31, p. 525, n. 18.   (4) 3 **C. J.**, p. 522, n. 12, p. 525, n. 18.   (5) 3 **C. J.**, p. 466, n. 83; 4 **C. J.**, p. 509, n. 38.

MOTION to dismiss appeal and for diminution of record. Denied.

The facts are stated in the opinion of the court.

Percy Hight, H. D. Lawrence and Edmund J. Callaway for Appellant.

J. Marion Wright for Respondents.

THE COURT.—This proceeding presents a motion to dismiss the appeal herein and a motion for diminution of record.

Appellant is the natural mother of Dorothy Irene Yoder and Wilma Corrine Yoder, who were of the ages of twelve and ten years, respectively, at the time the adoption proceedings hereinafter referred to were commenced. Proceedings were instituted by the respondents in the superior court of the county of Los Angeles looking to the adoption of said children by them. After hearing thereon the petition of respondents was granted and an order was made and filed on October 11, 1923, wherein and whereby the children named were declared to be adopted by said respondents. The respondent Earl H. Yoder is the paternal uncle of the children.

The instant proceeding was initiated by the appellant filing a petition in the above-named superior court on April

9, 1924, wherein it was alleged that her consent to the adoption proceedings was secured by fraud and undue influence and praying that the order of adoption be vacated and set aside as to both of said children. On September 27, 1924, an order was made granting the petition as to Dorothy Irene Yoder, and the order of adoption, in so far as it affected her, was thereupon vacated and set aside. As to Wilma Corrine Yoder the petition was denied, however, and the order of adoption, in so far as it concerned her, remained in force. The appellant prosecutes this appeal from that part of the order refusing to vacate and set aside the order of adoption as to said Wilma Corrine Yoder.

Respondents urge two grounds in support of their motion to dismiss the appeal. First, it is asserted that there is no statutory authority for this proceeding to revoke the order of adoption and therefore no statutory authority for the appeal herein, it being urged that appellant should have brought an "equitable action to set aside the contract of adoption." As their second ground for dismissal of the appeal the respondents contend that the order refusing to set aside and vacate the adoption proceedings as to Wilma Corrine Yoder is not an appealable order within the provisions of section 963 of the Code of Civil Procedure.

[1] We find no merit in respondents' contention touching the remedy pursued by appellant to vacate and set aside the order of adoption. It has been held that such an order may be set aside and vacated under the provisions of section 473 of the Code of Civil Procedure on the grounds of fraud, mistake, inadvertence, surprise or excusable neglect. (*Guardianship of Van Loan,* 142 Cal. 423 [76 Pac. 37]; *Bell* v. *Krauss,* 169 Cal. 387 [146 Pac. 874]; *In re McGrew,* 183 Cal. 177 [190 Pac. 804].) The instant proceeding was instituted within six months from the making of the order appointing respondents as guardians, and may properly be considered to have been authorized by the provisions of said code section.

[2] In so declaring we are not unmindful that the order of adoption was made and entered on October 11, 1923, and that the petition to vacate and set aside the same was filed on April 9, 1924—two days prior to the expiration of the six-months' period prescribed by section 473 of the Code of Civil Procedure. Nor are we unmindful that the authorities are

to the effect that an application is not made within said six-
months' period by the mere filing of a petition for relief
within that time. It has been repeatedly held that the court
must be moved for the desired relief within said period.
(*Brownell* v. *Superior Court*, 157 Cal. 703, 710 [109 Pac.
91, 94]; *Thomas* v. *Superior Court*, 6 Cal. App. 629 [92 Pac.
739].) As stated in *Brownell* v. *Superior Court, supra*, "It
is the *application* which is to be made within the six months.
A motion is an application for an order. . . . The attention
of the court *must* be called to it and the court moved to
grant it."

Though the petition did not come on for hearing until
after the expiration of the six-months' period, there is noth-
ing in the record herein to indicate that said petition was not
brought to the attention of the court below prior to the ex-
piration of said six-months' limitation. The "petition and
motion" having been filed within said period and no show-
ing having been made that the matter was not called to the
attention of the lower court prior to the expiration of said
period, it will be presumed that the application was season-
ably made.

Moreover, the respondents here, as in *In re McGrew,
supra*, "appeared in court at the trial and contested the
matter without making any objection to the form of the pro-
ceeding, or to the manner of service of process."

[3] Respondents' further contention that the order deny-
ing relief in part is not an appealable order is also without
merit. (*Guardianship of Van Loan, supra; Bell* v. *Krauss,
supra; In re McGrew, supra*.) In each of said cases an
appeal was allowed from a similar order. It is stated in 2
Cal. Jur. 169, section 31, that "an appeal may be taken
from an order denying a motion made under section 473 of
the Code of Civil Procedure to vacate a judgment." Such an
order is a "special order made after final judgment," and as
such is appealable under subdivision 2 of section 963 of the
Code of Civil Procedure. [4] Though the general rule is
that an appeal does not lie from an order denying a motion
to vacate a judgment where "the motion merely calls upon
the court to repeat or overrule the former ruling on the
same facts" (2 Cal. Jur. 164, sec. 30 et seq.), nevertheless
there are certain well-defined exceptions to said rule, and such
an order is appealable where the circumstances are such

that "an appeal from the first order would be vain for lack of a record showing the rights of the aggrieved party." (2 Cal. Jur. 167, sec. 31 et seq.) As the petition herein to vacate and set aside the order of adoption was founded on alleged fraud in procuring the same, it follows that on an appeal from said order of adoption the record therein would not show the "rights of the aggrieved party." For the foregoing reasons the motion to dismiss the appeal must be denied.

[5] In support of their motion for diminution of record the respondents assert that the written consent of Dorothy Irene Yoder was not secured to the adoption proceedings, as required under the provisions of sections 225 and 226 of the Civil Code where children over the age of twelve years are involved; that this fact came to the attention of the lower court upon the hearing of the petition to vacate the order of adoption as to both children; that said court thereupon set aside the order of adoption as to said Dorothy Irene Yoder solely on the ground that she had not given her written consent thereto; and that a *nunc pro tunc* order was entered in the adoption proceedings by said lower court subsequent to the appeal herein, which tends to show that the order of adoption as to Dorothy Irene Yoder was vacated and set aside solely on said ground and not upon the ground of fraud and undue influence. It is then urged by respondents that said *nunc pro tunc* order be made a part of the record herein.

In opposition to this motion the appellant contends that the "Clerk's Transcript," on file herein, contains the entire judgment-roll of the adoption proceedings; that the *nunc pro tunc* order entered therein and sought to be included in the record herein was made more than a year after this appeal was perfected; that said *nunc pro tunc* order was therefore without and in excess of the jurisdiction of the court below.

A perusal of the "Clerk's Transcript" reveals that the entire judgment-roll in the adoption proceedings is included therein. This is indicated by the clerk's certificate to that effect appearing on page 12 thereof.

In passing upon the instant motion we do not find it necessary to decide whether the *nunc pro tunc* order above referred to is properly a part of the judgment-roll in the adoption proceedings and should for that reason be included

therein, nor do we feel impelled to determine the validity or effect of said *nunc pro tunc* order. In our opinion the motion for diminution of record must be denied for other reasons. The *nunc pro tunc* order sought to be included in the record herein merely concerns the order appealed from in so far as said order set aside the adoption proceedings as to Dorothy Irene Yoder. But as no appeal has been prosecuted from that part of the order it would appear that a subsequent *nunc pro tunc* order tending to explain the reason for so vacating the order of adoption as to said Dorothy Irene Yoder would serve no purpose in determining whether relief was properly denied as to Wilma Corrine Yoder. The inclusion of such *nunc pro tunc* order in the record herein would not tend to enlighten this court upon the issue presented by this appeal, namely, whether the order of adoption as to Wilma Corrine Yoder should have been vacated and set aside on the ground that it was procured through fraud and undue influence. The papers now making up the record herein, together with the evidence produced at the trial, will enable this court to determine whether or not the lower court rightly disposed of said issue.

Assuming the respondents are correct in asserting that the adoption proceedings were vacated and set aside as to Dorothy Irene Yoder solely on the ground that she had not given her written consent thereto, and that the subsequent *nunc pro tunc* order would so indicate, we are still unable to perceive what purpose it would serve to include said order in the record herein, as this appeal is only from that part of the prior order which refused to set aside the adoption proceedings as to the other child. It is our view that said *nunc pro tunc* order has no bearing upon the issue presented by this appeal and therefore need not now be made a part of the record herein. As stated in 2 Cal. Jur. 155, section 25, "When an appeal from a part of a judgment or order is properly taken, obviously the appellate court will review only that part of the judgment or order from which the appeal is taken, provided that portion is severable from the remainder of the judgment or order." There can be no question but that that part of the order appealed from which refused to vacate the order of adoption as to Wilma Corrine Yoder is severable and distinct from that part of

the order which vacated the order of adoption as to Dorothy Irene Yoder.

For the foregoing reasons the motion to dismiss the appeal and the motion for diminution of record are and each is hereby denied.