[L. A. No. 9294. In Bank.—December 23, 1926.]

MAUDE HALL, Appellant, v. IMPERIAL WATER COMPANY No. 3 (a Corporation), Respondent.

[L. A. No. 9307. In Bank.—December 23, 1926.]

MAUDE HALL, Appellant, v. IMPERIAL WATER COMPANY No. 5 (a Corporation), Respondent.

[1] APPEAL—ORDER DENYING MOTION FOR NEW TRIAL—REVIEW OF.— Since the 1915 amendment to section 963 of the Code of Civil Procedure (Stats. 1915, p. 209), an order denying a motion for new trial is not an appealable order; but by the amendment of 1915 to section 956 of the Code of Civil Procedure (Stats. 1915, p. 328), such an order is reviewable on an appeal from the judgment.

[2] ID.—ORDER REFUSING TO VACATE JUDGMENT—NONAPPEALABLE ORDER—EXCEPTION.—Under the general rule, an order refusing to vacate and set aside a judgment is not an appealable order, but there is the exception to this rule that, where the record on appeal from the judgment would not disclose the grounds of the motion, the order is appealable.

[3] ID.—MOTION FOR NEW TRIAL—MOTION TO VACATE JUDGMENT—NONAPPEALABLE ORDER.—Where one of the grounds for a motion for new trial was the disqualification of the trial judge, an appeal will not lie from an order denying a motion to vacate the judgment upon this ground, as the denial of the motion for a new trial can be reviewed on an appeal from the judgment.

1. See 2 Cal. Jur. 174.
2. See 2 Cal. Jur. 164.
3. See 2 Cal. Jur. 827.

[4] ID.—MOTION TO VACATE JUDGMENT—TIME.—A motion to vacate a
judgment not void on its face must, by analogy with the provisions of section 473 of the Code of Civil Procedure, be made within
six months from the entry of the judgment.

(1) 3 C. J., p. 507, n. 61; 4 C. J., p. 685, n. 24.    (2) 3 C. J.,
p. 522, n. 12.    (3) 4 C. J., p. 685, n. 24.    (4) 34 C. J., p. 258, n. 99.

MOTION to dismiss appeals from orders of the Superior
Court of Imperial County. M. S. Marsh, Judge. Granted.

The facts are stated in the opinion of the court.

Jesse George for Appellant.

Luther G. Brown, Leon R. Yankwich, J. Stewart Ross and
R. B. Whitelaw for Respondents.

THE COURT.—This is a motion to dismiss each of two
appeals herein on the ground that the orders appealed from
are not appealable orders. By stipulation of the parties,
said two appeals have been consolidated.

On May 10, 1917, the appellant instituted a separate
action against each of the above-named respondents in the
superior court of the county of Imperial to recover damages
for injuries to her land, alleged to have been caused by the
seepage of water from the irrigation canals of said respondents. Judgment was entered in each of said actions on July
1, 1924, awarding damages to the appellant, and thereafter,
on July 7, 1924, she filed a notice of motion for new trial
in each cause. Among other grounds, the notices stated that
the respective motions would be based on the alleged disqualification of the trial judge to hear said causes. The
motions for new trial, however, were never made in open
court. The time within which appeals from the judgments
might be perfected and within which proceedings on motion
for new trial would have to be determined has elapsed without any steps having been taken by the appellant in those
directions other than as above indicated. Subsequently,
and on February 18, 1925, approximately seven and one-half
months after said judgments were entered, appellant served

4. See 14 Cal. Jur. 1063.

and filed notices of motion to vacate and set aside each of said judgments on the ground that the judge who tried the causes was disqualified by reason of his owning real property in the Imperial Irrigation District. These latter motions came on for hearing in the court below on March 27, 1925, and were denied on May 29, 1925, by Honorable M. S. Marsh, Judge of the superior court of the county of San Diego, sitting as a judge of the superior court of the county of Imperial. As already indicated, the appeals herein are from the orders denying said motions to vacate and set aside the judgments in the above-entitled causes.

Respondents move to dismiss the consolidated appeals on the ground that an order refusing to vacate and set aside a judgment is not an appealable order. It is contended that there are but two exceptions to this rule, namely, where the matter specified in the motion to vacate could not have been reviewed on an appeal from the judgment and where the judgment affects injuriously one who is not a formal party to the action or, if a party, he has not received due notice so that the judgment as to him has been given improperly and *ex parte.* It is then urged that the instant appeals do not come within either of said exceptions for the alleged disqualification of the trial judge "was the ground for the motion to vacate the judgment" and "was also the chief ground for her motion for a new trial," and "the question of disqualification, being before the court below, on motion for new trial, its ruling on the matter was reviewable on appeal from the judgment," thus precluding, it is asserted, the instant appeals from the orders refusing to vacate and set aside the judgments on said ground.

In opposition thereto the appellant urges, among other things, that to grant respondents' motion to dismiss the appeals herein "would be setting at nought the rule that the judgment and all of the acts of a judge disqualified for interest . . . are absolutely void and must be disregarded wherever the fact of disqualification is made to appear. . . . "

Preliminary to a consideration of the question presented herein the following pertinent and well-settled principles should be kept in mind:

[1] Since the 1915 amendment to section 963 of the Code of Civil Procedure (Stats. 1915, p. 209) an order denying a motion for new trial is not an appealable order. (*Hughes*

v. *De Mund,* 195 Cal. 242, 246 [233 Pac. 94]; sec. 963, Code
Civ. Proc.)

The legislature has provided, however, by means of an
amendment to section 956 of the Code of Civil Procedure
(Stats. 1915, p. 328), that such an order is reviewable on an
appeal from the judgment. (*Hughes* v. *De Mund, supra;*
sec. 956, Code Civ. Proc.)

[2] Under the general rule an order refusing to vacate
and set aside a judgment is likewise not an appealable order.
(*In re Yoder,* 199 Cal. 699 [251 Pac. 205]; *Bell* v. *Solomons,*
162 Cal. 105, 109 [121 Pac. 377].)

An exception to this latter rule provides that an order
denying a motion to vacate and set aside a judgment is
appealable where the record on an appeal from the judgment
would not disclose the ground of the motion. (*In re Yoder,
supra; Kent* v. *Williams,* 146 Cal. 3, 11 [79 Pac. 527].) As
stated in *In re Yoder, supra,* such an order is an appealable
order where the circumstances are such that an appeal from
the judgment "would be vain for lack of a record showing
the rights of the aggrieved party."

[3] In our opinion an application of the foregoing prin-
ciples to the instant appeals requires that they be dismissed.
As stated above, the appellant herein instituted proceedings
for new trial in each cause by filing her notices of intention
to move for such relief. And, though these motions were
never made *viva voce,* the new trial proceedings were ter-
minated in each cause by the expiration of the statutory
period (sec. 660, Code Civ. Proc.) and would be reviewable
on an appeal from the respective judgments. This being so,
the orders denying appellant's motions to vacate and set
aside the judgments are not appealable orders for they pre-
sent matters which would have been reviewable on appeals
from the judgments.

[4] Moreover, the motions to vacate the judgments were
made, as indicated above, approximately seven and one-half
months after the entry of said judgments. The authorities
declare that a motion to vacate a judgment not void on its
face, as is the case here, must by analogy with the provisions
of section 473 of the Code of Civil Procedure be made within
six months from the entry thereof. (*Consolidated Constr.*

*Co.* v. *Pacific E. Ry. Co.*, 184 Cal. 244, 247 [193 Pac. 238];
*People* v. *Davis*, 143 Cal. 673, 675 [77 Pac. 651].)

For the foregoing reasons the motion to dismiss the consolidated appeals herein is hereby granted.

Shenk, J., being disqualified, did not participate.