[L. A. No. 11340. In Bank.—August 30, 1929.]

In the Matter of the Estate of RENE GRIVEL, Deceased. LEON R. GRIVEL, Administrator, etc., Petitioner, v. SUPERIOR COURT OF IMPERIAL COUNTY et al., Respondents.

Edgar T. Fee and Franklin J. Cole for Petitioner.

Muhleman, Anderson & Palmer and Jas. W. Glassford for Respondents.

PRESTON, J.—In the above-entitled cause the order of the Superior Court of the State of California in and for the County of Imperial, given and made on the twenty-fourth day of January, 1929, purporting to annul the order of said court given and made on the twenty-eighth day of November, 1927, is itself hereby annulled. A consideration of the following will reveal the basis for this holding:

In the above-mentioned estate, Charles T. Wardlaw, administrator with the will annexed, pursuant to an order to show cause made therein, presented to the court his account and report as such officer and issues were made thereon by the written objections of Thirza Bass, guardian of the minor heirs of said decedent. In said cause, said account, together with the objections thereto, was heard by the Honorable

M. W. Conkling, judge sitting in department 1 of said court. The account was approved by an order given and made by him on December 31, 1926..

It appears that said Judge Conkling, prior to his elevation to the bench, had been the attorney for one Barnes, a partner of decedent, in suit No. 4677 on the records of said court, wherein decedent was plaintiff and said Barnes was defendant; that upon the death of said Rene Grivel, the said Charles T. Wardlaw, as administrator of his estate, was substituted as plaintiff in said action, which was at all times herein pending and related to and involved property claimed as assets of said estate; and that the proceedings in said cause were introduced in evidence and considered by the court in the making of the said order of December 31, 1926.

Thereafter, but within six months, the said guardian filed in said court a document entitled ''Motion and petition to vacate and set aside order and judgment settling and approving account of said administrator dated December 31, 1926,'' to which document were attached copies of the pleadings and other proceedings in said cause No. 4677. This petition alleged the disqualification of said judge upon the grounds above stated and the consequent invalidity of the order so made by him. Lack of knowledge previous to June 11, 1927, of said disqualification was also set up. The introductory portion of said motion and petition contained the words: '' . . . petitioner and plaintiff herein . . . respectfully moves and petitions the above entitled court to vacate, set aside and annul the judgment and order . . . '' Upon the presentation and filing of these documents, the judge of said court within said period made the following order: ''Good cause having been shown it is ordered that time be shortened and that this motion be set for hearing on Friday, July 15th, 1927. A. C. Finney, Judge of the Superior Court,'' whereupon the moving party gave notice that on the day fixed the motion would be made upon this showing and upon the records and files of said cause, said notice containing also a restatement of the grounds of said motion.

Presumably the motion was made upon the day fixed by said court or upon some subsequent day to which the hearing was regularly postponed and the proceeding resulted

in an order given and made on November 28, 1927, vacating and annulling said order of December 31, 1926.

Matters remained in this state until January 11, 1929, upon which date John R. Wardlaw, administrator of the estate of Charles T. Wardlaw, deceased, moved the court for an order annulling said order of November 28, 1927, and restoring vitality to the order of December 31, 1926, upon the ground that said order of November 28, 1927, was void on the face of the proceedings. This application was thereafter submitted to the court and on January 24, 1929, Honorable V. N. Thompson, the judge presiding, made an order granting said motion; thus came into being the order here sought to be annulled.

Thereafter, and on February 16, 1929, Leon R. Grivel, the then administrator of the estate of said decedent, Rene Grivel, filed herein his petition for a writ of review seeking the annulment of said last-mentioned order of January 24, 1929, as having been given and made in excess of the jurisdiction of the court. On March 12, 1929, the writ of review issued and on March 25, 1929, the said Superior Court made its return thereto and filed same herein, from which we have gleaned the above facts.

The proper conclusion as to the validity of the order under review will be made manifest when we establish the validity or invalidity of said order of November 28, 1927.

The disqualification of said judge under section 170, subdivision 3, of the Code of Civil Procedure, was sufficient ground for a proceeding under section 473 of the Code of Civil Procedure, to vacate and annul the order of December 31, 1926, upon the ground of mistake, inadvertence, surprise or excusable neglect.

The only material point in dispute is this: Did the moving party make an application for relief within a reasonable time and in this case was it made within six months from the entry of the order in question? Unless we can see from the face of the proceedings that this was not done, said order of annulment cannot be declared void. The motion was lodged with the clerk before the expiration of the six months' period. The matter was specifically brought to the attention of the judge and upon the showing made the judge fixed a day for hearing of the motion,

which day was subsequent to the expiration of said period. Everything appearing confirms rather than disproves the making of the application to the court itself for relief. Nothing appears upon which to question in anywise the fact that the motion was brought directly to the attention of the court and its action thereon invoked. This being conceded, the invalidity of said order of annulment is not shown, but on the contrary its full validity upon an attack of this character is manifest.

Precedent for this holding exists in abundance. █ Of course, it is settled that the mere filing with the clerk within the six months' period of a notice of intention to make such a motion on a day subsequent to expiration of the period is not sufficient. To constitute an application the action of the court must be invoked in some appropriate manner before the expiration of the prescribed period. (*Bell* v. *Krauss,* 169 Cal. 387, 391 [146 Pac. 874]; *In re Morehouse,* 176 Cal. 634 [169 Pac. 365]; *In re Yoder,* 199 Cal. 699, 702 [251 Pac. 205].) But when this is done, even though it be done on the last day of the period, and before notice to the adverse party is or could be given, it is nevertheless sufficient. (*Brownell* v. *Superior Court,* 157 Cal. 703, 709, 710 [109 Pac. 91].)

In this case, as above pointed out, nothing is shown to warrant the conclusion that the party did not appear and move the court for the relief sought. On the contrary, all existing evidence tends to confirm the conclusion that it was done. This observation brings the case squarely within the holding of this court in *In re Yoder, supra,* wherein, at page 702, it is said: "Tho the petition did not come on for hearing until after the expiration of the six months' period, there is nothing in the record herein to indicate that said petition was not brought to the attention of the court below prior to the expiration of said six months' limitation. The 'petition and motion' having been filed within said period and no showing having been made that the matter was not called to the attention of the lower court prior to the expiration of said period, it will be presumed that the application was seasonably made."

The order of November 28, 1927, being valid and being sufficient to annul the order of December 31, 1926, it

follows as of course that the order here under review purporting to annul the order of November 28, 1927, and revive the order of December 31, 1926, is void; hence the conclusion above announced.

Langdon, J., Curtis, J., Seawell, J., Waste, C. J., and Richards, J., concurred.

Rehearing denied.

All the Justices present concurred.