[Civ. No. 2737. Fourth Dist. July 30, 1941.]

JOSEPH ROSEBOROUGH, an Incompetent Person, etc., Appellant, v. MYRNA CAMPBELL et al., Defendants; ELIZABETH P. LILJEHOLM, Respondent.

Ben B. Rubin for Appellant.

Withington, Cross, Proctor & Park, Gray, Cary, Ames & Driscoll and John M. Cranston for Respondent.

BARNARD, P. J.—This is an appeal from an order setting aside a default and vacating a default judgment which had been entered in favor of the appellant and against the respondent.

The action was one for personal injuries in which the drivers and owners of several automobiles were named as defendants. The respondent was not named as a defendant but was served as one of the Jane Does, although the complaint was never amended to set forth her true name.

On November 29, 1939, the respondent's default was entered by the clerk and on December 9, 1939, default judgment was entered against her. Notice of a motion to set aside the default and default judgment was served on May 24, 1940, and noticed for hearing on May 27, 1940, an order shortening time having been secured. On May 27, 1940, respondent's attorney presented the matter and moved the court to grant the relief sought. He then informed the court that appellant's counsel, who was not present, had requested a continuance in order that he might obtain a counter-affidavit. The court continued the hearing of the motion for one week and, thereafter, at the request of counsel for the appellant, continued the hearing to July 1, 1940. At that time an objection was made on behalf of the appellant to a consideration of the affidavits and answer, copies of which had been served and filed with the original notice of motion, on the ground that the affidavits had not been properly sworn to and that the copy of the answer was not properly verified. The court continued the hearing to July 15, 1940, for the purpose of allowing the respondent to file affidavits subscribed to before a notary public. On July 15, 1940, additional affidavits similar in substance to those previously filed but sworn to before a Massachusetts notary public were filed, and the motion was thereupon heard and granted. This appeal followed.

The appellant first contends that the court had no jurisdiction to make the order in question. It is argued that the affidavits and copy of the proposed answer which were served and filed in connection with the notice of motion were not sufficient and could not be considered by the court because they were sworn to before a justice of the peace in

Massachusetts and not before a notary public; that since the complaint was verified and since the copy of this answer was not properly verified no copy of the answer was presented as required by section 473 of the Code of Civil Procedure; and that the court had no power to consider the affidavits and copy of the answer which were subsequently filed since these were not presented and filed within the six months' period allowed by section 473, Code Civ. Proc. This contention cannot be sustained for the following reasons.

The notice of motion, as served and filed, was accompanied by a copy of the proposed answer and several affidavits. The copy of the answer and some of the affidavits had been sworn to before a justice of the peace in Massachusetts. The parties devote a considerable portion of their briefs to a discussion of whether such a verification and swearing was sufficient to permit these papers to be used and considered in this proceeding, under various sections of the Code of Civil Procedure. It is unnecessary to consider the issue thus raised since it appears that section 473 was sufficiently complied with and the court, having jurisdiction, could permit purely technical defects of this nature, if any, to be corrected after the expiration of the six months' period provided for in section 473.

It has even been held that when such an application for relief is actually presented to the court within the prescribed time it is sufficient even though this be done on the last day of the period before notice to the adverse party has been or could be given. In *Estate of Grivel,* 208 Cal. 77 [280 Pac. 122], the court said:

"To constitute an application the action of the court must be invoked in some appropriate manner before the expiration of the prescribed period. (*Bell* v. *Krauss,* 169 Cal. 387, 391 [146 Pac. 874] ; *In re Morehouse,* 176 Cal. 634 [169 Pac. 365] ; *In re Yoder,* 199 Cal. 699, 702 [251 Pac. 205].) But when this is done, even though it be done on the last day of the period, and before notice to the adverse party is or could be given, it is nevertheless sufficient. (*Brownell* v. *Superior Court,* 157 Cal. 703, 709, 710 [109 Pac. 91].)

"In this case, as above pointed out, nothing is shown to warrant the conclusion that the party did not appear and move the court for the relief sought. On the contrary, all existing evidence tends to confirm the conclusion that it was done. This observation brings the case squarely within the holding of this court in *In re Yoder, supra,* wherein, at page 702, it is said: 'Tho the petition did not come on for hearing until after the expiration of the six months' period, there is nothing in the record herein to indicate that said petition was not brought to the attention of the court below prior to the expiration of said six months' limitation. The "petition and motion" having been filed within said period and no showing having been made that the matter was not called to the attention of the lower court prior to the expiration of said period, it will be presumed that the application was seasonably made.' "

█ The only requirements in such a case, in order to give the court jurisdiction to act, are that application for relief be actually presented to the court and called to its attention within the time prescribed and that the application be accompanied by a copy of the proposed answer. These requirements were here complied with and the court had jurisdiction to consider and pass upon the application after the expiration of the six months' period. The form and manner of the proof that was necessary was then subject to rules of law other than those set forth in section 473, and the trial court had a reasonable discretion in that connection. █ It has

frequently been held that section 473 should be liberally construed to the end that justice be done, and there are no good reasons for reading into that section technical requirements which were not put there by the legislature. ■ Affidavits and a verified copy of the answer were served and presented in connection with the notice of motion and if we assume that any technical defects existed in connection with the manner in which they were sworn to the court had the power and could properly permit such defects to be corrected after the time had expired, the court then having acquired full jurisdiction of the matter. The court could have received oral evidence which had not accompanied the original application had it desired, and there is no reason why it could not receive and consider additional affidavits. This is especially true when these were merely corrections in the form of the original affidavits. The application for relief was here made and directly called to the court's attention within the time allowed, and no lack of jurisdiction appears.

■ The appellant further contends that another jurisdictional requirement of section 473, Code of Civil Procedure, was not met, it being stated that the notice of motion was served on the appellant alone and not on the respondent's codefendants. The respondent was seeking relief against the appellant and not against his codefendants (*Schart* v. *Schart,* 116 Cal. 91 [47 Pac. 927]) and, moreover, no codefendant is complaining and the appellant has not been injured. (*McDonald* v. *Severy,* 6 Cal. (2d) 629 [59 Pac. (2d) 98].) Moreover, there is no record here to sustain the appellant in this connection. The appeal is presented upon a bill of exceptions in which it does not appear that the codefendants were not served.

■ Appellant's final contention is that the court abused its discretion in making the order from which this appeal is taken. In support thereof it is argued that the proposed answer which the court permitted to be filed is made up largely of hearsay statements and matters alleged upon information and belief, and that the same "presented no evidence upon which the court was authorized to exercise a legal discretion."

The complaint in this action alleged that at a certain time and place the drivers of five described automobiles so negligently operated these vehicles that the appellant, who was riding a motorcycle, collided with one of the five cars which

was driven by one McQuaid. Another of these five cars was owned by this respondent and was being driven at the time, with her permission, by her son. The respondent was not present on that occasion and could not know of her own knowledge just what then occurred. In so far as this point is concerned we are concerned with a matter of pleading and not with evidence. The answer in question sets forth a good defense and we are not now concerned with whether or not it can be supported by evidence. No abuse of discretion appears.

It may also be observed that the default judgment against the respondent was irregularly entered at a time when the complaint did not justify such a judgment. Although the complaint did not name the respondent as a defendant, after she was served as one of the Jane Does a judgment was entered against her in her own name without the complaint having been amended as required by section 474 of the Code of Civil Procedure, and the pleadings as then existing would not support that judgment. (*Baldwin* v. *Morgan,* 50 Cal. 585; *McKinlay* v. *Tuttle,* 42 Cal. 570; *Farris* v. *Merritt,* 63 Cal. 118.)

For the reasons given the order appealed from is affirmed.

Marks, J., and Griffin, J., concurred.