[No. A034753. First Dist., Div. Four. Aug. 21, 1986.]

MARIA G. RESNIK, Petitioner, v.
THE SUPERIOR COURT OF ALAMEDA COUNTY, Respondent;
ROBERT RESNIK, Real Party in Interest.

**COUNSEL**

Paul G. Sloan, James A. Dorskind and Friedman, Sloan & Ross for Petitioner.

No appearance for Respondent.

Ted Akulian and Page, Akulian & Harkins for Real Party in Interest.

**OPINION**

ANDERSON, P. J.—Petitioner challenges a ruling on her motion to vacate judgment. The motion to vacate was made on the ground that real party in interest had committed extrinsic fraud in a dissolution of marriage action by concealing three community assets. Petitioner contends that respondent court erred in refusing to vacate the judgment and in limiting its relief to allowing petitioner the opportunity of proving that the concealed assets were community rather than separate property. We agree. Having found extrinsic fraud, the appropriate relief was to vacate the entire judgment insofar as it divided the parties' property and provided for support.

On October 13, 1983, an order was filed in the dissolution proceedings in accordance with the terms of a settlement and stipulation between the parties. In addition to providing for custody of the parties' two children and for their support, the order provided that real party pay $2,000 per month in spousal support from October 1, 1983, for a maximum of four years and for the division of community property. On June 13, 1985, petitioner moved to vacate the order insofar as it provided for spousal support and divided the property of the parties. Petitioner contended that real party had deliberately concealed the existence of a house he purchased in Atlanta, Georgia, a condominium in South Carolina and a check for $37,500. Petitioner also contended that real party's lies about his income resulted in an unfair support arrangement. Finally, petitioner contended that there was reason to believe that the full extent of concealment of assets had not yet been discovered.

Respondent court found that real party had intentionally concealed the existence of the three assets and that the concealment constituted extrinsic fraud. The court held that the evidence was not sufficient to determine whether the assets were community property or real party's separate property and vacated the judgment in order that petitioner could establish a community interest in these assets. The court did not resolve the question of whether real party had concealed the extent of his income, or misrepresented the value of his business assets, reasoning that even if he had, his conduct would amount to intrinsic rather than extrinsic fraud.[1] The court refused to vacate the judgment insofar as it divided the property listed in the judgment or provided for spousal support, noting that substantial time had elapsed since the stipulation had been entered into and that assets had been sold and positions changed in reliance on the order.

An order in accordance with the decision was entered on February 21, 1986. Within the time in which an appeal could be filed, petitioner filed the instant petition. ██ Petitioner recognizes that this order is appealable (see *In re Yoder* (1926) 199 Cal. 699, 702-703 [251 P. 205]; *Cope* v. *Cope* (1964) 230 Cal.App.2d 218, 228-229 [40 Cal.Rptr. 917]) but contends that appeal is not an adequate remedy. We agree that this is one of the unusual instances wherein a direct appeal is not an adequate remedy. It places petitioner, a victim of extrinsic fraud, in a position where multiple actions will be required to give complete relief and where piecemeal relief may indeed deprive her of that complete relief to which she is entitled. If petitioner were to appeal from the order, it would be a partial appeal, permissible because the provisions of the order on the motion to vacate are severable. (See 9 Witkin, Cal. Procedure (3d ed. 1985) Appeals, § 153, pp. 160-161.) While the appeal was pending, she could proceed in the trial court to the extent that the court vacated the judgment but to do so would be to deprive herself of her primary point, with which we agree, i.e., that the order dividing property and providing for spousal support should be viewed as

---

[1]The court explained: "[¶] The Court finds no support for Petitioner's claim that Respondent concealed his *sources* of income. The claim is that he concealed the amount of his income. It appears to the Court that Respondent disclosed the sources of his income, although he may have failed to disclose the extent of his income from those sources. Petitioner was represented by Counsel throughout and she had ample opportunity to conduct discovery to ascertain the extent of Respondent's income. She had access to business records and bank accounts. Assuming Respondent did misrepresent the extent of his income, it appears that conduct could have been exposed by discovery, which apparently was not pursued for various reasons. Perhaps, as suggested by Respondent, Petitioner chose not to pursue further discovery in consideration for the agreement the parties finally struck. In any event, the Court finds that Respondent's alleged conduct with regard to his income, if proved, amounts to intrinsic fraud, and the support provisions of the Order shall not be vacated. . . . [¶] The alleged misrepresentation of the value of assets requires the same response from the Court as that given to the claim that Respondent misrepresented his income, and it will not be repeated here. It suffices to say that the existence of these assets was not concealed; thus, Respondent's conduct, if proved, amounts to intrinsic fraud."

one contract and judgment and not as multiple divisible contracts as to each separate asset.

Upon a determination that one of the parties to a dissolution action has committed extrinsic fraud by concealing assets from the other party, it has been the practice of the courts to set aside the property provisions of the divorce decree. (See *In re Marriage of Modnick* (1983) 33 Cal.3d 897, 910 [191 Cal.Rptr. 629, 663 P.2d 187]; *In re Marriage of Stevenot* (1984) 154 Cal.App.3d 1051, 1068 [202 Cal.Rptr. 116]; *In re Marriage of Coffin* (1976) 63 Cal.App.3d 139, 150, 155 [133 Cal.Rptr. 583]; *Orlando* v. *Orlando* (1966) 243 Cal.App.2d 248, 253 [52 Cal.Rptr. 142].)

Real party does not contend that respondent court did not have the authority to set aside all property provisions of the judgment but contends it also had the authority to set aside only a part of the judgment. As a practical matter, that is not what respondent court did. Rather, the court refused to set aside any of the property provisions but merely allowed the wife to maintain an action in which she will have the burden of proving an interest in the concealed assets much as the trial court in *Modnick* proceeded. In *Modnick,* the trial court denied a motion to set aside an interlocutory judgment on the ground of fraud "'without prejudice to being set for hearing on after-discovered community property issues.'" (*In re Marriage of Modnick, supra,* 33 Cal.3d at p. 903.) Although this was not the order challenged since the trial court denied a second motion to vacate, the Supreme Court in holding that concealment of assets entitled a spouse to set aside the judgment, rejected the contention that the spouse was limited to filing a separate suit to establish her interest in the community property. That remedy is appropriate "where a former spouse claims an interest in an undivided asset '*known* to exist at the time of the initial judicial distribution of the marital community' . . . ." (*Id.* at p. 910, fn. 12.)

There are two reasons why we believe that setting aside the entire judgment as it relates to property issues is the only appropriate remedy for extrinsic fraud. First, the property issues are related. When parties negotiate a marital settlement, they may divide the property and provide for support dependent upon the total assets of the parties—separate and community. Even where there is no settlement, the court's determination of support will depend, in part, upon the extent of both community and separate property. (Civ. Code, § 4801.)

Secondly, limitation of relief to the concealed property allows a spouse to practice concealment with no risk. He or she may retain the fruits of the settlement and, at most, be required to divide the concealed asset. Such a rule would encourage fraud. In the instant case it would reward not only

extrinsic but also possible intrinsic fraud. Although intrinsic fraud alone does not warrant vacating a final judgment, its existence, along with extrinsic fraud, balances the equities even more firmly in favor of the victimized spouse.

The trial court here was concerned about the amount of time that had elapsed since the division of assets and the fact that certain of the assets had been transferred. These facts may be taken into account when a final disposition of the case is made. It may be that the provisions of the judgment will remain much the same after the division of property and spousal support are reevaluated. However, vacating the judgment as to all property provisions allows the greatest flexibility in determining a final disposition in accordance with the requirements of The Family Law Act. (Civ. Code, § 4000 et seq.)

We have reached our conclusion after full briefing by the parties and after advising real parties that we might act by a peremptory writ in the first instance. Such a procedure is proper. (Code Civ. Proc., § 1088; *Palma* v. *U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171, 177-178 [203 Cal.Rptr. 626, 681 P.2d 893].)

Let a peremptory writ of mandate issue directing the Superior Court of the County of Alameda to vacate its order denying the motion to vacate and to enter a new order granting the motion.

Poché, J., and Channell, J., concurred.