[Civ. No. 4041. Third Appellate District.—March 6, 1931.]

W. J. FERRY, Appellant, v. NORTH PACIFIC STAGES (a Corporation) et al., Defendants; SEATTLE–PORTLAND–SAN FRANCISCO AUTO STAGE CO. (a Corporation), Respondent.

Louis Oneal, A. G. Shoup and George R. Freeman for Appellant.

Downey & Chester for Respondent.

MR. JUSTICE THOMPSON (R. L.) DELIVERED THE OPINION OF THE COURT.—This is an appeal from an order granting a new trial after judgment by default had been rendered against the respondent. A motion to dismiss the appeal was also made on the ground of a defective notice.

The plaintiff brought this action for damages for personal injuries alleged to have been sustained while riding as a passenger in an autostage owned and operated by the defendants. The suit was brought against North Pacific Stages, a corporation; Seattle-Portland-San Francisco Auto Stage Company, a corporation; D. M. Shattuck, John Doe Christie et al., associated together and doing business under the firm name and style of Seattle-Portland-San Francisco Auto Stage Company. Summons was duly issued therein. An affidavit of service of summons was filed reciting that process in said cause was personally served upon "Seattle-Portland-San Francisco Auto Stage Co., *an association,* . . . by delivering to and leaving with . . . Fred Gordon, a member of said association", a copy of the summons and complaint. Fred Gordon appeared personally and answered the complaint. The defendant Seattle-Portland-San Francisco Auto Stage Company did not appear or answer as a corporation, as an association, or at all. October 14, 1927, upon demand of the plaintiff, the clerk entered default against the Seattle-Portland-San Francisco Auto Stage Co., an association. Subsequently, on motion of the plaintiff, and by consent of the court, the complaint was amended by striking therefrom the term "corporation" as it was used to describe and identify the defendant Seattle-Portland-San Francisco Auto Stage Company, and by substituting therefor the term "an association". A jury was impaneled. Evidence was adduced at the trial, of damages resulting to the plaintiff on account of a collision of the autobus with a certain bridge. A verdict of $10,000 was returned against the Seattle-Portland-San Francisco Auto Stage Company, an association. For this sum a judgment

was rendered against the last-mentioned company as an association. Subsequently, on motion of the said Seattle-Portland-San Francisco Auto Stage Company, the judgment against it was set aside May 31, 1929, on the ground that the court had acquired no jurisdiction to render judgment against this company. From this order vacating the judgment, the following notice of appeal was duly served:

"Notice of Appeal.

"To the Clerk of the above entitled Court:

"Please take notice that the plaintiff herein appeals to the Supreme Court of the State of California from the order of this court dated May 31, 1929, setting aside the judgment heretofore entered in said action in favor of plaintiff and against defendant, North Pacific Stages."

█ The respondent asserts this notice of appeal is defective and ineffectual because of the error of referring to the defendant "North Pacific Stages", instead of Seattle-Portland-San Francisco Auto Stage Company. We are of the opinion the notice of appeal is not fatally defective. In spite of the erroneous reference to the defendant "North Pacific Stages", there can be no reasonable doubt regarding the identity of the specific order from which the plaintiff appealed. He refers to it as "the order of this court dated May 31, 1929, setting aside the judgment heretofore entered". This was the only order setting aside a judgment which was made by the court in this case. No judgment was rendered against the North Pacific Stages Company. Indeed, this default judgment against the respondent Seattle-Portland-San Francisco Auto Stage Company was the only judgment which was rendered in this case against any party to the action. The respondent could not have been deceived regarding the identity of the order from which this appeal was taken.

In *Harrelson* v. *Miller & Lux, Inc.*, 182 Cal. 408, 414 [188 Pac. 800, 802], it is said: "Notices of appeal are not strictly construed, and an appeal will not be dismissed because of a misdescription of the judgment or order to which it relates unless it appears that the respondent has been misled by such misdescription."

█ This brings us to a consideration of the merits of the appeal. It will be observed that in addition to a refer-

ence in the title of the action to the defendant Seattle-Portland-San Francisco Auto Stage Company as a corporation, the complaint specifically alleges that company was a corporation duly organized under and by virtue of law. It is argued by the appellant this descriptive term "corporation" as it is used in the pleading, is surplusage and may be disregarded. We think not. The pleader is very explicit in describing the exact nature of the organization which he seeks to hold liable for the damages sustained as that of a corporation and not an association. The identity of this defendant as that of a corporation is thereby fixed and certain. Process was never served upon this defendant, as a corporation, in the manner required by section 411 of the Code of Civil Procedure. Process was never served upon any purported officer of this company upon whom the statute authorizes service of summons to be made to bind a corporation. If this company is a corporation, then there was no valid service of process upon it as such.

The remaining question is, was the Seattle-Portland-San Francisco Auto Stage Company also made a party defendant, as an association or partnership? Did the court have jurisdiction of this company as an association? It is true paragraph III of the complaint further alleges, "D. M. Shattuck, John Doe Christie . . . were at all times . . . and still are associated together and doing business under the firm name and style of Seattle-Portland-San Francisco Auto Stage Co." It is also true the title to the complaint includes these last-mentioned individuals as party defendants. The foregoing language clearly indicates it was the intention of the pleader to constitute these named individuals as party defendants. They are merely identified as doing business in the name of the Seattle-Portland-San Francisco Auto Stage Company. The company as a separate entity, is not made a party defendant. To have included this last-mentioned company as a party defendant independent of the individuals who are alleged to compose the organization, it should have been specifically named as a defendant. This was not done. Our courts have uniformly held, without exception, that similar descriptions of individuals as members of an association or partnership, does not constitute the organization itself a party to the action. This is not an action pursuant to the provisions of

section 388 of the Code of Civil Procedure against the "common name" under which individuals are associated and doing business. (*Davidson* v. *Knox*, 67 Cal. 143 [7 Pac. 413]; *Feder* v. *Epstein*, 69 Cal. 456 [10 Pac. 785]; *Maclay Co.* v. *Meads*, 14 Cal. App. 363 [112 Pac. 195, 113 Pac. 364].) The case of *Davidson* v. *Knox*, *supra*, is very similar with respect to the parties designated, to the case at bar. In that case the caption of the complaint named the defendants as "Richard F. Knox, Joseph Osborne, Samuel R. Ely, W. T. Robinson, and Philip V. R. Ely, copartners, doing business under the firm name of Knox & Osborne". The allegations of the complaint, similar to those of the present case, described the individual defendants in approximately the same language. Service of summons was made on Robinson, Knox and Osborne. Robinson defaulted. Judgment was taken against the individual defendants and "the joint property of all of said defendants, partners and associates". The question involved in that action was whether the partnership property was bound by the judgment. The court said: "The action was not instituted under section 388. . . . We are of the opinion that this is an action against the individual partners doing business under the firm name of Knox & Osborne on partnership contracts, and in such case under section 414 of the Code of Civil Procedure, the plaintiffs can only proceed against the parties served."

In 47 C. J. 177, section 328, it is said: "Where one sues or is sued in a representative capacity, it must be averred that it is as such representative, and a mere statement of the representative character, following the name of the party, will be treated as only *descriptio personae*."

Since the Seattle-Portland-San Francisco Auto Stage Company, as a separate entity, was never made a party defendant in this action, and the service of summons was merely made upon Fred Gordon, who is described as a member of "said association", the court never acquired jurisdiction over the company either as an association or as a partnership. Default was therefore erroneously entered against this company as a separate entity. The judgment was properly set aside.

The order setting aside the judgment is affirmed.