[Civ. No. 14021.   Second Dist., Div. Two.   Apr. 14, 1943.]

IDA VENITA SHIPPEY, Appellant, v. CLARENCE BASIL SHIPPEY, Respondent.

Vernon W. Hunt for Appellant.

Hahn, Graf & Ross for Respondent.

McCOMB, J.—This is an appeal from an order permitting defendant to have the custody of his minor son, of whom plaintiff is the mother, on alternate week-ends.

The essential facts are these:

May 13, 1937, defendant obtained a divorce from plaintiff in the State of Nevada. By the decree of divorce the sole

custody and control of the minor son of the parties was awarded to plaintiff in the present action, with the right on the part of defendant to see said child at all reasonable times and places, provided that he had regularly paid to plaintiff each week the sum of $15 for the maintenance of plaintiff and their child.

May 13, 1940, plaintiff herein instituted an action for the purpose of obtaining a divorce from defendant. Subsequently an amended complaint was filed alleging the Nevada divorce decree and asking that it be established as a decree of the superior court. Thereafter, pursuant to stipulation of the parties, a decree was entered establishing the Nevada decree and specifically making the following order:

"That the plaintiff, Ida Venita Shippey, shall be and is hereby awarded the sole and exclusive care, custody and control of said minor child, Clarence Basil Shippey, Jr., with the right on the part of the defendant, Clarence Basil Shippey, to see said child at all reasonable times and places, provided always that hereafter said defendant shall regularly and promptly pay the said weekly sum of $15.00 or such other sum as may be awarded hereafter, for the maintenance of the plaintiff and said minor child."

November 9, 1942, pursuant to notice, defendant made a motion in the trial court asking for an order "declaring and establishing the right of defendant to visit the minor child of the parties," and to fix the hours of visitation.

At the hearing, defendant, after being duly sworn, testified that he had remarried. He also testified relative to the conditions surrounding his present home, and that he was in arrears in payments of alimony to plaintiff in the sum of $265.

At the conclusion of his testimony and after refusing to hear testimony of plaintiff, the trial judge made an order permitting defendant to take his son to his home every other week-end.

This is the sole question necessary for us to determine:

■ *Was it prejudicial error for the trial judge to refuse to listen to the testimony of plaintiff before reaching a decision upon the motion presented for his consideration?*

This question must be answered in the affirmative. After Mr. Hunt, attorney for plaintiff, had indicated that he had completed the cross-examination of defendant, who had testified in support of his motion, the following transpired:

"THE COURT: Well you keep up your payments for the

child and you make the $10.00 payment on the arrearage, and then you may have the child every other week-end.

"Mr. Hunt: If your Honor please, may we be heard on that?

"The Court: You may, but it won't change my mind any.

"Mr. Hunt: I would like to be heard, if your Honor please. We have another side to it.

"The Court: What?

"Mr. Hunt: The decree; the decree does not provide that he shall take the child.

"The Court: I don't care what the decree provides. This Court rules as to the disposition of children; as far as that is concerned this Court has the last say.

"Mr. Hunt: If your Honor please, this man does not ask leave to take the child away.

"The Court: I know, and I am going to let him have the child, as long as he is paying for it.

"Mr. Hunt: He has been in default. I would like your Honor to hear the circumstances under which this situation has come about.

"The Court: I don't think so. What he has done in the past is gone. He is paying her now for his arrears. He is going to have the child every other week-end. When do you want it?

"The Defendant: I would like to have the child from 5:00 o'clock Friday afternoon until—I could take him back Monday morning on the way to work, every Monday morning, as I ride right by there.

"The Court: The boy goes to school?

"The Defendant: That is right. I would get him right back home at 7:00 o'clock every Monday morning.

"Mr. Hunt: If your Honor please, may we have some testimony from Mrs. Shippey on that?

"The Court: About what?

"Mr. Hunt: On the circumstances and the reasons he should not be permitted to take the child?

"The Court: No, I don't care to hear her reasons unless she has something to show his home is unfit; then she can do that.

"Mr. Hunt: We are not contending anything morally unfit, no, but I am claiming, if your Honor please, there are certain circumstances such as, the mother wanting the child to go to Sunday school, things of that sort, and he won't go

very much under the circumstances existing there. That child should be in Sunday School where it belongs.

"THE COURT: I know.

"MR. HUNT: Furthermore, the child has come from there ill on occasions. That is, after it has been with this party on occasions, he come home ill.

"THE COURT: I will give him another chance, that is, on Friday, commencing next Friday, afternoon. That is all."

The trial judge was in error in not permitting plaintiff to present testimony relevant and competent to the issues presented by the motion, one of which was, whether it was for the best interest of the minor child for defendant to be permitted to take his son home with him on alternate week-ends. Evidence regarding the conditions at defendant's home which might affect the child's health was of course relevant and competent to such issue.

We are fully cognizant of the press of business presented to the judge who presides over the Domestic Relations Department of the Superior Court of Los Angeles County, and highly commend his efforts to expedite the handling of matters which come before him. However, such efforts should never be directed in such manner as to prevent a full and fair opportunity to the parties to present all competent, relevant, and material evidence bearing upon any issue properly presented for determination.

Matters of domestic relations are of the utmost importance to the parties involved and also to the people of the State of California. This is especially so where the custody of a minor child is involved. Such children are the future citizens of this state and it is impossible to exercise too much care in the selection of the persons who are to care for and guide them during their period of infancy. It is likewise extremely important that they be provided with the best surroundings of which the circumstances permit. To this end a trial judge should not determine any issue that is presented for his consideration until he has heard all competent, material, and relevant evidence the parties desire to introduce. This rule is accurately stated by Mr. Justice Wood in *Rosenfield* v. *Vosper*, 45 Cal.App.2d 365, 371 [114 P.2d 29], thus:

"A trial judge should not prejudge the issues but should keep an open mind until all of the evidence is presented to him. When issues of fact are submitted to a jury for determination it is made the duty of the judge to admonish the

jurors at each separation that 'it is their duty not to form or express an opinion thereon until the case is finally submitted to them.' (Code Civ. Proc., sec. 611.) In the case under review the trial judge took the place of the jury as a trier of the issues of fact. . . . These matters constituted issues of fact and the trial judge, like the jurors in a jury trial, had the duty to refrain from forming an opinion on such issues until the case was finally submitted to him.''

For the foregoing reasons the order is reversed and the cause is remanded to the trial court for further proceedings in conformity with the views expressed above.

Moore, P. J., concurred.

WOOD (W. J.), J.—I dissent. The conduct of the hearing by the trial court is doubtless subject to criticism, but in my opinion no errors were committed which justify a reversal of the order.