[No. F017514. Fifth Dist. Nov. 30 1993.]

EARL W. SCHOTT, INC., Plaintiff and Respondent, v.
GARY KALAR, Defendant and Appellant.

**COUNSEL**

Jory, Peterson & Sagaser, John E. Peterson and Barbara S. Huff for Defendant and Appellant.

Georgeson & Belardinelli, C. Russell Georgeson and David L. Rowell for Plaintiff and Respondent.

**OPINION**

BUCKLEY, J.—We are presented here with the issue of whether a complaining party is required to designate and serve a corporation in its corporate capacity in order to obtain an enforceable default judgment. We conclude such a requirement exists.

### PROCEDURAL HISTORY

On January 18, 1991, Earl W. Schott, Inc. (Schott), filed a complaint for breach of contract, fraud and common counts against "GARY KALAR, individually and DBA KALAR CONSTRUCTION CO." (hereafter collectively called Kalar), and Does 1 to 10.

On May 20, 1991, Schott filed its first proof of service of the summons and complaint. This proof of service indicated that on May 16 both Gary Kalar, an individual, and Kalar Construction Company, an association or partnership, were served by leaving a copy of the summons and complaint with Ken Amey, their office manager. There was no declaration of due diligence filed at that time nor a notation of the subsequent mailing of a copy of the summons and complaint.

On June 24, 1991, respondent filed a request for entry of default. Noting that respondent's proofs of service were defective, the clerk refused to enter the default as requested. Schott subsequently made three more requests for entry of default. Each request was denied because the proof of service was defective.

On October 21, 1991, respondent successfully requested and received entry of default by the clerk of the court. The default was based on a substituted service via delivery of the summons and of the complaint to Ken Amey, office manager for Gary Kalar, as an individual. Default judgment was entered on January 14, 1992, against Gary Kalar, individually and doing business as Kalar Construction. From this judgment, Gary Kalar, individually and doing business as Kalar Construction, appeals.

DISCUSSION

*Defendant's Status*

In a somewhat artful attempt to urge the application of Code of Civil Procedure section 415.20,[1] subdivision (a) (applicable to corporations and which does *not* require due diligence),[2] Schott refers to Kalar Construction Company as a corporation and peppers his respondent's brief on appeal with references to "Kalar, Inc." Schott's brief assumes, without proper showing, that Kalar Construction Company is a corporation. In fact, neither Schott's complaint, the proofs of service nor the other papers filed in the trial court indicate that the Kalar Construction Company is a corporation. In the present case, the complaint, summons and judgment of the lower court all listed "Gary Kalar, individually, and dba Kalar Construction" as the defendants.[3]

At oral argument, Schott's counsel contested Kalar's citation of Weil and Brown, Civil Procedure Before Trial (The Rutter Group 1993) Pleadings,

---

[1] Further code references are to the Code of Civil Procedure unless otherwise indicated.

[2] In its supplemental brief, Schott concedes that its failure to comply with due diligence requirements rendered the attempted service upon Gary Kalar, individually, ineffective.

[3] Kalar Construction, Inc., was not named as a party to the action until respondent unsuccessfully moved this court on October 27, 1992, to take judicial notice of appellant's corporate status. Even after this court denied Schott's request for judicial notice of defend-

paragraph 6:33, page 6.9 for the following premise: "To obtain an enforceable judgment [by default], the complaint must name the business entity in its right capacity." Counsel correctly noted this assertion is not supported by reference to statutory or case authority.[4] While the accuracy of this assertion is beyond doubt and is a principle generally accepted by practitioners and judicial officers alike, we sought specific binding authority containing such a holding. Surprisingly, there appears to be no published authority explicitly and directly holding that a complaint must name the business entity in its proper capacity. However, such a conclusion is supported by existing authority. For example, in *Aiken v. Mariposa Mining Co.* (1856) 6 Cal. 186, the Supreme Court determined that in an action against a corporation, service upon an individual not specifically designated as an officer of the corporation was insufficient. The court then reversed the entry of default judgment against the corporation. And in *Ferry v. North Pacific Stages* (1931) 112 Cal.App. 348 [296 P. 679], service was invalid upon a named defendant corporation when the affidavit recited process was served upon defendant as an association. In pertinent part, the court stated: "The pleader is very explicit in describing the exact nature of the organization which he seeks to hold liable for the damages sustained as that of a corporation and not an association." (112 Cal.App. at p. 351.)

Likewise here, Schott was explicit in suing Gary Kalar as an individual and serving the Kalar Construction Company as an association or partnership.

■ Moreover, the Judicial Council comment on section 416.10 provides, "Service on a corporation or unincorporated association can only be accomplished by serving some individual *as its representative*." (See Judicial Council com., 14 West's Ann. Code Civ. Proc. (1973 ed.) § 416.10, p. 586, italics added.) If the existence of corporate structure is not alleged in either the complaint or the summons, it is not possible for an individual to have been served in his or her representative capacity for the unnamed corporation.

---

ant's corporate status, counsel has continued to portray defendant as a corporation in counsel's supplemental brief.

[4]"[S]econdary authority is not the law itself. It was *not* written by the legislature, a court, an agency, a city council, etc. Secondary authority can never be mandatory authority; it can only be persuasive." (Statsky & Wernet, Case Analysis and Fundamentals of Legal Writing (3d ed. 1989) p. 207.) We recognize the anomaly of citing to secondary authority to establish that secondary authority is not binding. However, the "treatises of learned men" are also part of the "[u]nwritten law." (Code Civ. Proc., § 1899.) Such treatises may be considered to find the applicable law in a given situation. (*White v. Merrill* (1889) 82 Cal. 14, 18 [22 P. 1129] (conc. opn. of Thornton, J.).) Yet, works such as "Restatement[s] of the Law do not have the force of statutory enactment nor do they supersede judicial decisions." (*Janofsky v. Garland* (1941) 42 Cal.App.2d 655, 658 [109 P.2d 750].)

 Schott urges application of the line of authority which upholds judgment notwithstanding minor spelling errors. (See, e.g., *Seaver* v. *Fitzgerald* (1863) 23 Cal. 85.) However, as noted in *Seaver*, the names "Seaver" and "Seavers" were substantially the same. (*Id.* at p. 92.) In other words, the issue is whether the same or a different person is named. Here, it cannot be seriously argued that the Kalar Construction Co., an association or partnership, is the same entity as Kalar Construction Co., Inc. By law, they are distinct.[5]

Though such a distinction may appear hypertechnical, our courts have consistently enforced procedures which ensure jurisdiction. (See generally *Chaplin* v. *Superior Court* (1927) 81 Cal.App. 367, 376-378 [253 P. 954].) Therefore, because Schott failed to name Kalar Construction, Inc., as a proper party, no valid judgment was entered against Kalar Construction, Inc., as jurisdiction was never effected over the corporation.

Our conclusion precludes application of section 415.20, subdivision (a) and invokes application of subdivision (b) of section 415.20. Therefore, given Schott's concession that there was no compliance with the due diligence requirements of section 415.20, subdivision (b), Kalar Construction Co. was not properly served. Hence, regardless of the legal status of the company, no effective judgment was entered.

## DISPOSITION

The judgment is reversed. Costs are awarded to appellant.

Stone (W. A.), Acting P. J., and Harris, J., concurred.

Respondent's petition for review by the Supreme Court was denied February 24, 1994.

---

[5]A more practical problem can be seen in attempting levy of execution upon assets of a corporation when the judgment does not specify the corporate status. We can imagine the reluctance of a levying officer to proceed in such a situation.