[No. B102700. Second Dist., Div. Five. Apr. 7, 1998.]

MELLER & SNYDER, Plaintiff and Respondent, v.
R & T PROPERTIES, INC., Defendant and Appellant.

COUNSEL

Benjamin D. Brown for Defendant and Appellant.

William C. Snyder for Plaintiff and Respondent.

OPINION

TURNER, P. J.—

## I. INTRODUCTION

R & T Properties, Inc. (defendant), appeals from a judgment against it and in favor of Meller & Snyder (plaintiff), a law firm, in a joint debtor proceeding pursuant to Code of Civil Procedure section 989 et seq. The trial court found defendant, a corporation, was jointly liable on a prior judgment against Robert Tieger, an individual. We reverse the judgment. We conclude the trial court erred in failing to resolve the question whether plaintiff properly amended the complaint to substitute R & T Properties, Inc., for a fictitiously named defendant. Further, we conclude defendant is correct in arguing that its due process rights were violated when it was denied the opportunity to contest the merits of the underlying complaint.

## II. Substantive and Procedural History

Plaintiff filed a complaint for contract breach and related claims on August 17, 1989, against Mr. Tieger, individually and doing business as R & T Properties. Also, plaintiff named five fictitiously named defendants designated as "Does 1 through 5." The complaint alleged: Mr. Tieger, and Does 1 through 5, had entered into an oral agreement pursuant to which plaintiff agreed to render legal services; Mr. Tieger, and Does 1 through 5, agreed to pay plaintiff for services rendered; further, plaintiff had performed its obligations, but had not been paid. Mr. Tieger, "sued herein individually and dba R & T Properties," answered the complaint on September 19, 1989. He generally and specifically denied the complaint's allegations. Also on that date, Mr. Tieger filed a cross-complaint for legal malpractice against plaintiff. The cross-complaint alleged, among other things, that *R & T Properties, Inc.*, had employed plaintiff as its attorney; further, R & T Properties, Inc., had assigned its legal malpractice claim to Mr. Tieger.

A court trial ensued. On December 10, 1992, judgment was entered on the complaint in favor of plaintiff and against "Defendants Robert Tieger, and *R & T Properties, Inc.*, jointly and severally . . . ." (Italics added.) Plaintiff also prevailed on the cross-complaint against it. Seven months later, on July 19, 1993, an ex parte order was entered expunging R & T Properties, Inc., the corporate entity, from the judgment for lack of jurisdiction. The order recited that R & T Properties, Inc., was not a party defendant to the action, the court had no jurisdiction over it, and its inclusion in the judgment was an error. On July 6, 1994, plaintiff filed a form amendment to its complaint pursuant to Code of Civil Procedure section 474 naming R & T Properties, Inc., as Doe 1. This was nearly five years after the complaint was filed and one year after R & T Properties, Inc., was removed from the judgment by court order.

The following month, on August 11, 1994, a joint debtor summons was issued to R & T Properties, Inc. The joint debtor summons did not state that R & T Properties, Inc., was being served as an entity sued under a fictitious name. In its answer, defendant generally and specifically denied the allegations of the complaint; the joint debtor summons; the Code of Civil Procedure section 474 amendment to the complaint; plaintiff's affidavit in support of the joint debtor proceeding; the judgment; and the obligation on which the judgment was recovered.

The joint debtor proceeding was tried on February 15, 1996. William C. Snyder testified on behalf of the plaintiff law firm, Meller & Snyder. His testimony was as follows. In December 1988, Mr. Tieger sought representation for himself and "his corporation" in "two items of litigation." Plaintiff

entered into a retainer agreement "with Mr. Tieger individually and R & T Properties, Inc." The retainer agreement, signed by Mr. Tieger individually, and on behalf of R & T Properties, Inc., was received in evidence. (The complaint, however, alleged an oral agreement.) Plaintiff was retained by Mr. Tieger and R & T Properties, Inc., to represent them in connection with two matters. Plaintiff was retained in connection with a specific performance action brought by James Page against R & T Properties, Inc. Further, the firm was hired in connection with an unlawful detainer action by R & T Properties, Inc. against Mr. Page. R & T Properties, Inc., "was and is the title holder to the real property" at issue in the specific performance and unlawful detainer actions. Plaintiff represented Mr. Tieger and R & T Properties, Inc. in the actions. However, the representation stopped when Mr. Tieger "removed [the law firm] as the attorney for R & T Properties, Inc. . . . ." Plaintiff never recovered its fees and costs from Mr. Tieger or R & T Properties, Inc.

In the course of the trial, the superior court judge ruled, over defendant's due process objection, that plaintiff's only burden was to establish the judgment, and the proper amount of attorney's fees for services rendered had already been adjudicated. Plaintiff was not required to show, and defendant was not allowed to litigate, what services were in fact rendered or that the amount of attorney's fees charged was a proper sum.

At the conclusion of the trial, defendant made a motion to dismiss the joint debtor proceeding. It argued that at the time the complaint was filed, plaintiff knew the identity of R & T Properties, Inc., and knew that it had a cause of action against the corporation; therefore, defendant could not amend its complaint to name R & T Properties, Inc., as a fictitiously named defendant. The trial court denied the motion to dismiss on the grounds plaintiff's amendment to add a fictitiously named defendant was "not the issue" and had "nothing to do" with the joint debtor proceeding. The court concluded that the issue "of knowing the name of the defendant at the time that [plaintiff] filed [its] lawsuit" was irrelevant.

The trial court found in plaintiff's favor. A judgment holding R & T Properties, Inc., jointly liable with Mr. Tieger was entered on March 6, 1996. This timely appeal followed.

### III. Discussion

#### A. *Joint Debtor Proceedings*

Proceedings against unserved joint debtors are wholly statutory. (*Cooper* v. *Burch* (1903) 140 Cal. 548, 551 [74 P. 37]; *Tay, Brooks & Backus*

v. *Hawley* (1870) 39 Cal. 93, 98; *Vincent* v. *Grayson* (1973) 30 Cal.App.3d 899, 906, 910, fn. 7 [106 Cal.Rptr. 733]; *McRae* v. *Bates* (1961) 196 Cal.App.2d 510, 512-513 [16 Cal.Rptr. 565]; *Fried* v. *Municipal Court* (1949) 94 Cal.App.2d 376, 378 [210 P.2d 883]; *Melander* v. *Western Nat. Bank* (1913) 21 Cal.App. 462, 478-479 [132 P. 265].) The procedure is set forth in Code of Civil Procedure sections 989 to 994.[1] The Supreme Court has held: "The entire method of procedure, including the 'written allegations,' which shall constitute the pleadings, the defenses permitted, the issues to be tried, and the nature of the judgment to be entered, is clearly pointed out and prescribed." (*Cooper* v. *Burch, supra,* 140 Cal. at p. 551; see *Melander* v. *Western Nat. Bank, supra,* 21 Cal.App. at pp. 478-479.)

Under sections 989 through 991, a summons may be issued to an unserved joint debtor to show cause why it should not be bound by a judgment recovered against others. Section 989 states: "When a judgment is recovered against one or more of several persons, jointly indebted upon an obligation, by proceeding as provided in Section 410.70, those who were not originally served with the summons, and did not appear in the action, may be summoned to appear before the court in which such judgment is entered to show cause why they should not be bound by the judgment, in the same manner as though they had been originally served with the summons." Section 410.70, to which section 989 refers, provides: "In an action against two or more persons who are jointly, jointly and severally, or severally liable on a contract, the court in which the action is pending has jurisdiction to proceed against such of the defendants as are served as if they were the only defendants."

Sections 990 and 991 provide for the issuance, service, and return of a joint debtor summons accompanied by an affidavit "that the judgment, or some part thereof, remains unsatisfied . . . ." (§ 991.) The summons must specify the amount due on the judgment. (§ 991.) The defendant served with a joint debtor summons may answer as provided in section 992, which states: "Upon such summons, the defendant may answer within the time specified therein, denying the judgment, or setting up any defense which may have arisen subsequently; or he may deny his liability on the obligation upon which the judgment was recovered, by reason of any defense existing at the commencement of the action."[2]

Section 993, which explains the role of the pleadings and authorizes amendments, provides: "If the defendant, in his answer, denies the judgment,

---

[1] All further statutory references are to the Code of Civil Procedure unless otherwise noted.

[2] Section 992, governing the defenses available in a joint debtor proceeding, was derived from section 371 of the former Practice Act. As enacted in 1851, former Practice Act section 371 provided: "Upon such summons, the defendant may answer within the time specified therein, denying the judgment, or setting up any defense which may have arisen subsequently; or he may deny his liability on the obligation upon which the judgment was recovered, *except*

or sets up any defense which may have arisen subsequently, the summons, with the affidavit annexed, and the answer, constitute the written allegations in the case; if he denies his liability on the obligation upon which the judgment was recovered, a copy of the original complaint and judgment, the summons, with the affidavit annexed, and the answer, constitute such written allegations, subject to the right of the parties to amend their pleadings as in other cases."[3] Section 994, which governs the trial and the verdict, states: "The issues formed may be tried as in other cases; but when the defendant denies, in his answer, any liability on the obligation upon which the judgment was rendered, if a verdict be found against him, it must be for not exceeding the amount remaining unsatisfied on such original judgment, with interest thereon."

The statutes authorizing joint debtor proceedings were enacted to prevent the common law incident of merger from attaching to a judgment and operating as a release of any defendant named as a party but not personally served. (*Tay, Brooks & Backus* v. *Hawley, supra,* 39 Cal. at p. 98; *McRae* v. *Bates, supra,* 196 Cal.App.2d at p. 512; see Freeman, Law of Judgments (5th ed. 1925) Merger or Former Recovery, § 569, p. 1203.) The Court of Appeal has held: "At common law, if one of two or more joint debtors was not served in an action, a judgment against the others could not be enforced against the unserved party, nor could any other recourse be had against him 'for the reason that the joint obligation is deemed merged in the judgment.' [Citations.]" (*McRae* v. *Bates, supra,* 196 Cal.App.2d at p. 512; accord, *Hobgood* v. *Glass* (1958) 161 Cal.App.2d 208, 211-212 [326 P.2d 546].) As the Supreme Court explained in *Tay, Brooks & Backus* v. *Hawley, supra,* 39

---

a *discharge from such liability by the statute of limitation.*" (Stats. 1851, ch. 5, § 371, p. 110, italics added.) Section 992, enacted in 1872, was identical to former Practice Act section 371 except that the last words, "statute of limitation" were changed to "Statute of Limitation*s*." (1 Ann. Code Civ. Proc., § 992 (1st ed. 1872) p. 764, italics added.) The statute was amended in 1907. (Stats. 1907, ch. 325, § 1, p. 600.) The phrase "except a discharge from such liability by the Statute of Limitations" was changed to "*by reason of any defense existing at the commencement of the action.*" (*Ibid.*, italics added.) The code commissioners' notes state: "This removes the prohibition against the pleading of the statute of limitations if that defense existed at the commencement of the action." (Code comrs. notes, 18 West's Ann. Code Civ. Proc. (1980 ed.) § 992, p. 564.)

[3]Section 993, enacted in 1872, was amended in 1907 to add the language "subject to the right of the parties to amend their pleadings as in other cases." (Stats. 1907, ch. 325, § 2, p. 600.) The 1907 amendment "chang[ed] the rule adopted in Waterman v. Lipman, 67 C. 26." (Code comrs. notes, 18 West's Ann. Code Civ. Proc. (1980 ed.) § 993, p. 565.) *Waterman* v. *Lipman* (1885) 67 Cal. 26, 27 [6 P. 875], had held that a judgment debtor proceeding was in the nature of an action upon a judgment, where the pleadings in the former action could not be amended. As discussed below, however, the complaint cannot be amended to raise new issues of fact giving rise to a different legal obligation. (*Cooper* v. *Burch, supra,* 140 Cal. at p. 552; *Vincent* v. *Grayson, supra,* 30 Cal.App.3d at p. 910; *Hillco, Inc.* v. *Stein* (1978) 82 Cal.App.3d 322, 326 & fn. 5 [147 Cal.Rptr. 108].)

Cal. at page 98, "Were it not for the [joint debtor] statute, no action could be maintained against him on the contract, for the reason that it would become merged in the first judgment; and the merger is restrained only for the purpose and to the extent of enabling the proceedings to be had, as prescribed in the statute."

B. *The Trial Court Erred in Failing to Resolve the Question Whether Plaintiff Properly Amended the Complaint to Substitute R & T Properties, Inc., for a Fictitiously Named Defendant*

Defendant contends the trial judge erroneously determined the propriety of the section 474 amendment naming it as Doe 1 was not at issue in the joint debtor proceeding. Defendant argues plaintiff could not amend its complaint to name R & T Properties, Inc., in place of Doe 1. This is because plaintiff knew defendant's true name. (E.g., *General Motors Corp.* v. *Superior Court* (1996) 48 Cal.App.4th 580, 596-599 [55 Cal.Rptr.2d 871]; *Munoz* v. *Purdy* (1979) 91 Cal.App.3d 942, 947-948 [154 Cal.Rptr. 472].) Also, defendant contended plaintiff knew it had a cause of action against defendant when the complaint was filed. We conclude the trial court erred in failing to resolve the question whether plaintiff properly invoked section 474. Further, the trial court must determine that question in the first instance.

Section 989 et seq. applies only when the alleged joint debtor was named or joined as a party and a joint liability cause of action was stated against it, but it was not served with summons. (§§ 989, 410.70; *Brenelli Amedeo, S.P.A.* v. *Bakara Furniture, Inc.* (1994) 29 Cal.App.4th 1828, 1840 [35 Cal.Rptr.2d 348]; *Vincent* v. *Grayson, supra,* 30 Cal.App.3d at p. 905; *McRae* v. *Bates, supra,* 196 Cal.App.2d at p. 512; 8 Witkin, Cal. Procedure (4th ed. 1997) Enforcement of Judgment, § 389, p. 389; Ahart, Cal. Practice Guide: Enforcing Judgments and Debts (The Rutter Group 1997) § 6:1547 rev. #1, 1995.) An alleged joint debtor who was not made a party to the action, and against whom no joint liability cause of action was stated, is entitled to an order quashing the joint debtor summons. (*McRae* v. *Bates, supra,* 196 Cal.App.2d at pp. 512-513; see *Vincent* v. *Grayson, supra,* 30 Cal.App.3d at p. 905.) ■ Further, there are two ways in which an entity may become a party defendant. The first way is by being named as a defendant. The second method is by being properly named and served as a fictitiously named defendant. (*Dieckmann* v. *Superior Court* (1985) 175 Cal.App.3d 345, 363 [220 Cal.Rptr. 602]; *Kerr-McGee Chemical Corp.* v. *Superior Court* (1984) 160 Cal.App.3d 594, 597 [206 Cal.Rptr. 654]; *Vincent* v. *Grayson, supra,* 30 Cal.App.3d at p. 906.)

■ R & T Properties, Inc., was not named as a party defendant in the complaint in this case. The only defendant named in the complaint was an

individual, Mr. Tieger, sued individually, and doing business as R & T Properties. The designation "doing business as" simply indicated Mr. Tieger was operating under a fictitious business name. (*Pinkerton's, Inc.* v. *Superior Court* (1996) 49 Cal.App.4th 1342, 1348 [57 Cal.Rptr.2d 356]; e.g., *Billings* v. *Edwards* (1979) 91 Cal.App.3d 826, 830-831 & fn. 1 [154 Cal.Rptr. 453].) It merely described a person who was doing business under some other name. (*Pinkerton's, Inc.* v. *Superior Court, supra,* 49 Cal.App.4th at p. 1348.) Doing business under a fictitious business name does not create a separate legal entity. (*Ibid.*) Therefore Mr. Tieger, an individual, and only as such, was named as a defendant in the original complaint. The trial court correctly concluded when it expunged R & T Properties, Inc., from the judgment, that the corporation was never named as a proper party. Hence, the trial court had no jurisdiction over it, and no valid judgment was entered against the corporation. (*Earl W. Schott, Inc.* v. *Kalar* (1993) 20 Cal.App.4th 943, 947 [24 Cal.Rptr.2d 580].)

The complaint did, however, allege a joint liability cause of action against Mr. Tieger and fictitiously named defendants, Does 1 through 5. The complaint alleged Mr. Tieger, and Does 1 through 5, had entered into an oral agreement. Pursuant to that agreement, plaintiff agreed to render legal services. Furthermore, Mr. Tieger, and Does 1 through 5, agreed to pay plaintiff for services rendered. Finally, plaintiff had performed its obligations, but had not been paid.

When, as here, an alleged joint debtor is sued under a fictitious name, the complaint must be amended to substitute its true identity, otherwise the court is without power to enter a judgment against it under section 989 et seq. (*Fried* v. *Municipal Court, supra,* 94 Cal.App.2d at p. 378; *Roseborough* v. *Campbell* (1941) 46 Cal.App.2d 257, 263 [115 P.2d 839].) Section 993, as amended in 1907,[4] expressly provides that the complaint is subject, in joint debtor proceedings, "to the right of the parties to amend their pleadings as in other cases." Section 993, as amended in 1907, has been construed to mean "that the parties can amend their pleadings to cure technical defects or matters of form, such as . . . to substitute the true names of parties sued as fictitious defendants . . . but [section 993] does not authorize a plaintiff to amend his complaint to raise new issues of fact giving rise to a different legal obligation. [Citations.]" (*Vincent* v. *Grayson, supra,* 30 Cal.App.3d at p. 910; accord, *Cooper* v. *Burch, supra,* 140 Cal. at p. 552.)

In *Vincent,* three written contracts "were executed by Tratel Fresno, Inc., by Darrel A. Stark, its president, and Bud Thackrah . . . ." (*Vincent* v. *Grayson, supra,* 30 Cal.App.3d at p. 902.) An action on the contracts was

---

[4]See footnote 3, *ante,* page 1309.

commenced against Tratel Fresno, Inc., Bud Thackrah, and "Does I through X." (*Id.* at p. 903.) A default judgment was subsequently entered against the named defendants. (*Ibid.*) Thereafter, the plaintiff learned a partnership existed in which Tratel Fresno, Inc., and four individuals were partners. The plaintiff also discovered the contracts at issue had been entered into by Tratel Fresno, Inc., on behalf of the partnership. (*Ibid.*) The plaintiff was granted leave to amend the complaint to substitute the partnership and the four individual partners as fictitiously named defendants. The plaintiff then brought joint debtor proceedings against those parties. (*Ibid.*) The trial court entered a judgment against the partnership and the individual partners pursuant to section 989 et seq. The individual partners appealed. (30 Cal.App.3d at p. 904.) The partners argued the trial court lacked jurisdiction to allow an amendment to the complaint to substitute the true names of the fictitious defendants after the default judgment had become final. The Court of Appeal disagreed. It held section 993 allowed amendments to the pleadings in a joint debtor proceeding, and the plaintiff had complied with section 474 "in alleging that he was ignorant of the true names of the fictitious defendants, and when their true names were discovered he amended the complaint to show their true names." (30 Cal.App.3d at p. 905.) The court held: "The amendment substituting the true names of the fictitious defendants was proper, and they are deemed parties to the original action. [Citation.]" (*Id.* at p. 906.) The Court of Appeal further held the trial court did not err in allowing the plaintiff to amend his complaint *after judgment* to substitute the true names of fictitiously named defendants "so as to make them parties to the action[.]" (*Id.* at pp. 904-905, 906.)

In the present case, the trial court erroneously declined to determine whether plaintiff properly amended its complaint, after judgment, to substitute R & T Properties, Inc., for Doe 1. (See *Vincent* v. *Grayson, supra,* 30 Cal.App.3d at pp. 905-906, 909-910; *Fried* v. *Municipal Court, supra,* 94 Cal.App.2d at p. 378; *Roseborough* v. *Campbell, supra,* 46 Cal.App.2d at p. 263.) In contrast to the facts in *Vincent,* there has been no ruling in this case as to the propriety of plaintiff's amendment substituting the corporation for a fictitiously named defendant. Following entry of the judgment against Mr. Tieger, plaintiff simply filed in the superior court a form amendment to the complaint under section 474. The question whether plaintiff had complied with section 474 had to be ruled on before the trial court could enter a judgment against R & T Properties, Inc., in the joint debtor proceeding. (*Vincent* v. *Grayson, supra,* 30 Cal.App.3d at pp. 905-906, 909-910.) The court was without power to enter a judgment against R & T Properties, Inc., sued under a fictitious name, unless it found the complaint was properly amended to substitute the corporation pursuant to section 474. (*Vincent* v. *Grayson, supra,* 30 Cal.App.3d at p. 906; *Fried* v. *Municipal Court, supra,* 94 Cal.App.2d at p. 378.)

Whether plaintiff properly invoked section 474 to amend its complaint and name R & T Properties, Inc., as a fictitious defendant is a question which must be determined in the first instance in the trial court. (*Scherer v. Mark* (1976) 64 Cal.App.3d 834, 841 [135 Cal.Rptr. 90]; *Wallis v. Southern Pac. Transportation Co.* (1976) 61 Cal.App.3d 782, 786 [132 Cal.Rptr. 631]; *Breceda v. Gamsby* (1968) 267 Cal.App.2d 167, 176 [72 Cal.Rptr. 832].) The trial court here declined to consider that issue. There is no evidence it was previously determined. ██ ██ As a result, this matter must be remanded for a determination whether plaintiff properly invoked section 474.[5]

### C. Defendant Had a Due Process Right to Contest the Merits of the Underlying Complaint

As noted above, the trial court ruled, over defendant's due process objection, that plaintiff's only burden was to establish the judgment and that the proper amount of attorney's fees for services rendered had already been adjudicated. Defendant contends it was erroneously denied the right to

---

[5]The only issues raised with respect to the amendment adding R & T Properties, Inc., in the trial court and on appeal, was whether plaintiff was required to amend its complaint pursuant to section 474 and had properly done so. No issue of misnomer, alter ego liability, or res judicata has been raised by the parties at any time. It appears, however, that the trial court may have thought this case involved a mistake in the name of a party, correctable in the court's discretion pursuant to section 473. Section 473 does not authorize a court to add for the first time a party not named in the complaint. (*Kerr-McGee Chemical Corp.* v. *Superior Court, supra,* 160 Cal.App.3d at pp. 598-599; *Stephens* v. *Berry* (1967) 249 Cal.App.2d 474, 478 [57 Cal.Rptr. 505].) In *Kerr-McGee Chemical Corp.,* the Court of Appeal held: " ' "Amendment to correct an honest mistake in the naming of a party . . . must be sharply distinguished from the question whether the correctly named party is actually being joined in the litigation for the first time under the guise of a claim of misnomer." ' " (*Kerr-McGee Chemical Corp.* v. *Superior Court, supra,* 160 Cal.App.3d at p. 599, quoting 1 Chadbourn et al., California Pleading (1961) § 686.) Section 473 is "a procedural statute to authorize correction of obvious and minor mistakes, such as in spelling of a defendant's name." (160 Cal.App.3d at p. 599, fn. 3.) In *Kerr-McGee Chemical Corp.,* the Court of Appeal further held: "[I]t is important to maintain the distinction between correcting an honest error in the name of a correctly named party and joining a new party in the litigation for the first time under the guise of a claim of misnomer. [Citations.]" (*Id.* at pp. 599-600, fn. 3.) Here, we question whether it can be seriously argued that R & T Properties, Inc., is the same entity as Mr. Tieger, an individual, doing business as R & T Properties. (Cf. *Earl W. Schott, Inc.* v. *Kalar, supra,* 20 Cal.App.4th at p. 947 [". . . it cannot be seriously argued that the Kalar Construction Co., an association or partnership, is the same entity as Kalar Construction Co., Inc."]; *Diliberti* v. *Stage Call Corp.* (1992) 4 Cal.App.4th 1468, 1469-1471 [6 Cal.Rptr.2d 563] [section 473 did not permit amendment where complaint failed to name the right party as plaintiff]; *Kerr-McGee Chemical Corp.* v. *Superior Court, supra,* 160 Cal.App.3d at pp. 598-599 [section 473 did not authorize trial court to substitute Kerr-McGee Chemical Corporation doing business as Trona Medical Clinic in place of Trona Medical Clinic]; *Stephens* v. *Berry, supra,* 249 Cal.App.2d at pp. 478-479 [section 473 did not permit amendment where plaintiff failed to name the right party as a defendant].)

present a defense on the merits and plaintiff offered "virtually no evidence" in support of its complaint. Defendant argues it was prejudicial error not to require plaintiff "to present a prima facie case on the Complaint," and to allow defendant "to present its defenses thereto." ■ We conclude that when, as here, an alleged joint debtor denies its liability on the obligation underlying the judgment, due process requires that the plaintiff prove its case against that party. Moreover, the trial court's ruling to the contrary denied defendant a fair hearing and was reversible error.

The California Supreme Court long ago articulated the due process requirements in the context of defendants jointly liable on a contract. In *Tay, Brooks & Backus* v. *Hawley, supra,* 39 Cal. at pages 95-97, the court declared unconstitutional a statute which allowed a plaintiff to bring an action against defendants jointly indebted on a contract, to proceed against the defendants served, and to recover a judgment enforceable against the joint property of *all* the defendants, including those not served. The California Supreme Court noted that the judgment in such an action is entered against the defendants served, but not against those not served. Moreover, the Supreme Court held: "The defendants not served are not bound by the judgment, nor are they personally liable for its satisfaction[.]" (*Id.* at p. 95.) Even if the meaning of "joint property" was restricted to partnership property of the alleged joint debtors, the Supreme Court explained: "[W]e are utterly unable to see how a judgment that is to be enforced against the interest in such property of a person who has not been served with process, and has not appeared in the action, can be maintained. *It is a cardinal principle of jurisprudence that a judgment shall not bind or conclude a man, either in respect to his person or property, unless he has had his day in Court.* No person shall be deprived of life, liberty or property without due process of law, says the Constitution; but this principle is older than written Constitutions, and, without invoking the constitutional declaration, every person may, as a matter of common right, insist that he be heard in his own defense before judgment passes, which binds, charges or injuriously affects his person or his estate. It is no answer to say that the judgment affects only the joint property of the defendants—property that either of the debtors might apply to the satisfaction of the common debt—for that assumes that the defendants are joint debtors, and that may be to the defendant who is not served, the vital point of the controversy. *He may be ready to admit every allegation of the complaint, except that he is a party to the contract, or he may even admit the contract, and yet be ready, if an opportunity were presented, to make a successful defense, on the ground of fraud, failure of consideration, payment, accord and satisfaction, etc.* The defendant who is served may be ignorant of the defenses upon which his co-defendants would rely, or he may, either negligently or purposely, omit to present them. And, whatever

his answer may be, he only answers for himself; and there is nothing in the law regulating the acquisition or disposition of joint property, which confers upon one joint owner the right to defend actions for his fellows. Unless it can be shown that such property is under the ban of the law, a judgment which subjects to execution the interest of a person who has had no opportunity to be heard in the action, cannot be upheld without violating principles which lie at the base of all judicial proceedings." (*Tay, Brooks & Backus* v. *Hawley, supra,* 39 Cal. at pp. 96-97, italics added.)[6]

The Supreme Court in *Tay, Brooks & Backus* v. *Hawley, supra,* 39 Cal. at page 98, also discussed the nature of a statutory joint debtor proceeding. The court stated: "There is a further ground for holding that the defendant who was not served is not a proper party to an action on the judgment. Provision is made in the Code by which a defendant who was not originally served with the summons may be bound by the judgment. [Citations.] He is summoned to show cause why he should not be bound by the judgment, *and he may answer the complaint, as he might have done, had he been originally served,* or he may deny the judgment, or may set up any defense that may have arisen subsequently to the judgment. These proceedings furnish, in our opinion, the exclusive mode by which he can be bound by the judgment, *and they necessarily imply that he is not already bound by it. The action is really an action on the original joint contract, and matters of defense in respect to the judgment, are merely incidental to the action.* Were it not for the statute, no action could be maintained against him on the contract, for the reason that it would become merged in the first judgment; and the merger is restrained only for the purpose and to the extent of enabling the proceedings to be had, as prescribed in the statute. Those provisions of the statute are useless, if it is true that an action can be maintained on the judgment against a defendant not served in the former action." (Italics added.) The Court of Appeal has held that when an alleged joint debtor specifically denies any liability on the underlying obligation, it "thereby put[s] in issue all the material allegations of the plaintiff's complaint as fully and effectively as [it] might have done in

---

[6]The California Supreme Court has addressed the scope of a civil litigant's due process rights under other circumstances. (*Randone* v. *Appellate Department* (1971) 5 Cal.3d 536, 552 [96 Cal.Rptr. 709, 488 P.2d 13] [former prejudgment attachment procedure violative of due process]; *Blair* v. *Pitchess* (1971) 5 Cal.3d 258, 277 [96 Cal.Rptr. 42, 486 P.2d 1242, 45 A.L.R.3d 1206] [former claim and delivery procedures failed to comply with due process requirements]; *Cline* v. *Credit Bureau of Santa Clara Valley* (1970) 1 Cal.3d 908, 909 [83 Cal.Rptr. 669, 464 P.2d 125] [former prejudgment garnishment statute violated due process mandate of *Sniadach* v. *Family Finance Corp.* (1969) 395 U.S. 337, 341 [89 S.Ct. 1820, 23 L.Ed.2d 349]]; *Motores De Mexicali* v. *Superior Court* (1958) 51 Cal.2d 172, 173-176 [331 P.2d 1] [order adding alter ego defendants of corporate judgment debtor invalid on due process grounds]; *Harrington* v. *Superior Court* (1924) 194 Cal. 185, 189 [228 P. 15] [a party with an interest in real property has a due process right to appear in condemnation proceedings].) We need not address the scope and application of these decisions given the direct effect in this case of *Tay, Brooks & Backus* v. *Hawley, supra,* 39 Cal. at page 98.

the first instance had the original summons been served upon [it]." (*Colquhoun v. Pack* (1916) 32 Cal.App. 97, 98 [161 P. 1168].)

The unambiguous language of the controlling statutes is consistent with the due process mandate that an alleged joint debtor be given its day in court as in any other case. Section 989 provides that an alleged joint debtor not served in the original proceeding "may be summoned to appear before the court . . . to show cause why they should not be bound by the judgment, *in the same manner as though they had been originally served with the summons*." (Italics added.) The defendant may, by its answer, "*deny [its] liability on the obligation upon which the judgment was recovered, by reason of any defense existing at the commencement of the action*."[7] (§ 992, italics added.) If the defendant denies liability on the underlying obligation, the written allegations in the case consist of the original complaint and judgment, the joint debtor summons, including the affidavit, and the answer. (§ 993.) The issues so formed "*may be tried as in other cases*." (§ 994, italics added.)

There is language in a Supreme Court opinion to the effect that a joint debtor proceeding is "in the nature of an action upon a judgment." (*Cooper v. Burch, supra,* 140 Cal. at p. 551.) But a close reading of *Cooper*, a 1903 opinion, reveals no conflict with the due process requirement that an alleged joint debtor which denies liability be given its day in court as if it had been served in the original proceeding. The issue in *Cooper* was whether a complaint could be amended in a joint debtor proceeding to change the cause of action from a suit on a promissory note to one on a partnership indebtedness. The Supreme Court held the complaint could not be so amended and stated: "The only purpose of the complaint, under these proceedings, is to disclose the obligation upon which the original judgment was rendered. The statute provides but two defenses which can be interposed—a denial of the judgment, or a denial of the obligation. [Under] the first, the complaint serves no purpose whatever under the statute; under the second, it is pertinent only to show what was the nature of the obligation upon which the judgment was rendered." (*Id.* at pp. 551-552.) The court reasoned that the purpose of a joint debtor proceeding is to bind the defendant by a judgment

---

[7]Two cases illustrate the defenses appellate courts have recognized in joint debtor proceedings. In *Kupfer v. Brawner* (1942) 19 Cal.2d 562, 565 [122 P.2d 268], the Supreme Court held satisfaction of the judgment was a defense "within the issue of liability" which could be raised in a joint debtor proceeding. In *Vincent v. Grayson, supra,* 30 Cal.App.3d at page 912, the Court of Appeal held "[f]undamental fairness" required that an alleged joint debtor be given an opportunity to prove that damages awarded in a default judgment were erroneous as a matter of law. The *Vincent* court held that such a showing concerning damages would be cause why the judgment should not be enforced against the alleged joint debtor. (*Ibid.*) The plaintiff in *Vincent* had failed, in the underlying action, to prove his actual damages. The contracts sued upon were the only evidence the plaintiff had produced at the default hearing. (*Id.* at p. 903.)

already good as against co-obligors. To that end, the Supreme Court held, ". . . the statute makes no provision for a demurrer, by the [alleged joint debtor], to the original complaint." (*Id.* at p. 552.)[8] The complaint remains intact so as to "prevent the judgment rendered under it from being disturbed." (*Ibid.*) And only one judgment can be entered. Therefore, under section 994, a judgment against a joint debtor cannot exceed the amount unsatisfied on the original judgment. (140 Cal. at p. 553.) It is clear, then, that the Supreme Court used the term "summary" to refer to the fact that in a joint debtor proceeding the complaint must remain intact so as not to undermine the judgment, the complaint cannot be amended to assert a different legal obligation, the defendant cannot demur to the complaint, only one judgment can be entered, and therefore, the joint debtor obligation cannot exceed the amount remaining unsatisfied on the original judgment.

In *Vincent* v. *Grayson, supra,* 30 Cal.App.3d at page 910, and footnote 7, the Court of Appeal described joint debtor proceedings as "in the nature of a summary action on the judgment," (fn. omitted) noting that by "summary" it meant "a statutory proceeding limited as to issues, and where the burden of proof initially rests with the defendant." As discussed above, the issue in *Vincent* was whether a complaint could be amended in a joint debtor proceeding to substitute the true name of a party sued as a fictitious defendant. The Court of Appeal never explained what it meant by characterizing the proceeding as "summary." It is true, as noted above, that joint debtor proceedings are purely statutory. It is also true that the proceeding is limited as to issues. For example, the defendant may deny the judgment. Also, the defendant may set up a defense arising subsequent to the judgment rather than deny liability. However, the defendant may also deny liability as in any other case. We disagree that the *burden of proof* initially rests with the defendant. The defendant bears an initial burden only insofar as, in response to a joint debtor summons, it must file an answer in which it denies the judgment, sets up a defense arising subsequently, or denies liability on the underlying obligation. (§ 992.) Once the defendant, as here, answers, and denies liability, the burden of proof is on the plaintiff to prove its case against that defendant. (*Tay, Brooks & Backus* v. *Hawley, supra,* 39 Cal. at p. 98; *Colquhoun* v. *Pack, supra,* 32 Cal.App. at p. 98; §§ 989, 992, 993, 994.)

Secondary authority also describes joint debtor proceedings as summary. Noted authority and scholar B.E. Witkin notes that when a judgment is

---

[8]In *Fried* v. *Municipal Court, supra,* 94 Cal.App.2d at page 378, however, the Court of Appeal held that if a complaint does not state a joint liability cause of action against an alleged joint debtor, a judgment cannot be entered against it. The court stated: "An objection to the sufficiency of the complaint to state a cause of action may be taken at any stage of the case. [Citations.]" (*Ibid.*) The complaint in *Fried* contained no allegation the alleged joint debtor or any fictitiously named defendant was a party to the contract or was jointly indebted on the obligation. (*Ibid.*)

recovered against one or more joint debtors without service on or appearance of others, the following may occur: "Thereafter, the judgment may be enforced against the others in a summary proceeding without a new complaint. [Citations.]" (8 Witkin, Cal. Procedure, *supra*, Enforcement of Judgment, § 389, p. 389.) Similarly, California Practice Guide: Enforcing Judgments and Debts states: "A judgment against any of the [jointly liable] defendants is enforceable against all the defendants (including those who were not served) under a summary procedure in which the judgment creditor serves a special summons on the unserved defendants requiring them to show cause why they should not be bound by the judgment." (Ahart, Cal. Practice Guide: Enforcing Judgments and Debts, *supra*, § 6:1547 rev. #1, 1995, italics omitted.) But none of these sources state or even infer that an alleged joint debtor which denies liability is not entitled to its day in court as if it had originally been served prior to the entry of the initial judgment.

We conclude that when, as here, an alleged joint debtor answers and denies responsibility for the debt, due process requires that the merits of liability issues be tried. The burden rests initially on the defendant only insofar as no new complaint is filed, and the defendant must answer and assert one of the statutory defenses. Once the defendant denies liability, the plaintiff must prove its case.

The error is reversible. Judgment was entered without requiring plaintiff to prove the merits of its case against this defendant. (Cf. *Spector* v. *Superior Court* (1961) 55 Cal.2d 839, 843-844 [13 Cal.Rptr. 189, 361 P.2d 909] [refusal to permit petitioner to present any evidence or argument in support of motion for order modifying preliminary injunction]; *Fewel* v. *Fewel* (1943) 23 Cal.2d 431, 433 [144 P.2d 592] [plaintiff denied right to produce evidence and precluded from cross-examining adverse witnesses]; *Kelly* v. *New West Federal Savings* (1996) 49 Cal.App.4th 659, 677 [56 Cal.Rptr.2d 803] [plaintiffs prevented from offering evidence to establish their case]; *Estate of Buchman* (1954) 123 Cal.App.2d 546, 560 [267 P.2d 73, 47 A.L.R.2d 291] [executor removed without evidence and without opportunity of presenting any evidence]; *Shippey* v. *Shippey* (1943) 58 Cal.App.2d 174, 175-178 [136 P.2d 86] [refusal to hear relevant and competent testimony of plaintiff]; *National Auto. Ins. Co.* v. *Fraties* (1941) 46 Cal.App.2d 431, 432-434 [115 P.2d 997] [third party claimant denied right to present any evidence in support of claim]; see 9 Witkin, Cal. Procedure, *supra*, Appeal, § 449, p. 497.)

## IV. Disposition

The judgment is reversed. The matter is remanded for further proceedings consistent with the views expressed in this opinion. Defendant, R & T

Properties, Inc., is to recover its costs on appeal from plaintiff, Meller & Snyder.

Grignon, J., and Godoy Perez, J., concurred.